Larry D. DELPIT; Dorothy D. Delpit,
Petitioners–Appellants,

v.

COMMISSIONER INTERNAL
REVENUE SERVICE,
Respondent–Appellee.

No. 92–70655.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 31, 1994.

Decided March 9, 1994.

John F. Daum, O'Melveny & Myers, Los Angeles, California, for the petitioners-appellants.

Steven W. Parks, United States Department of Justice, Tax Division, Washington, D.C., for the respondent-appellee.

Before D.W. NELSON, REINHARDT, and BRUNETTI, Circuit Judges.

REINHARDT, Circuit Judge:

This case raises the question whether an automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a)(1) ("Section 362(a)(1)"), applies to an appeal from a Tax Court judgment concerning an alleged tax deficiency on the part of the debtor. We conclude that Section 362(a)(1) applies to such an appeal. Accordingly, we hold that the proceedings before us are stayed as a matter of law.

## I.

This case arose from a $38,939,020.97 claim by respondent-appellee Commissioner of Internal Revenue ("Commissioner") against petitioners-appellants Larry D. Delpit and Dorothy D. Delpit ("Delpits"). On December 12, 1986, the Commissioner issued a Notice of Deficiency in the above amount to the Delpits. The Commissioner claimed that the Delpits were responsible for certain tax liabilities arising from sham accounting transactions by Kern, Inc. ("Kern"), an oil refinery holding company that was formerly owned by the Delpits.

The Delpits disputed the Commissioner's claim and filed a petition in Tax Court on March 13, 1987. On April 2, 1992, the Tax Court issued memorandum findings of fact and an opinion in favor of the Commissioner. *See Delpit v. C.I.R.*, 61 T.C.M. (CCH) 2303, 1991 WL 43439 (1991), *supplemented by* 63 T.C.M. (CCH) 3053, 1992 WL 104765 (1992). On May 20, 1992, the Tax Court entered judgment against the Delpits for $25,284,011.00 plus interest. The Delpits' total tax liability now exceeds $70 million. On September 18, 1992, the Delpits filed a timely notice of appeal, and on December 2, 1993, they filed a voluntary petition for bankruptcy.

In their notice of bankruptcy filing to this court, the Delpits claimed that their appeal was automatically stayed under Section 362 of the Bankruptcy Code. The Commissioner disagreed, and urged that we proceed to hear the appeal on the merits. On January 13, 1994, we issued an order limiting oral argument to the stay question.

## II.

Section 362 of the Bankruptcy Code, 11 U.S.C. § 362, imposes an automatic stay on certain proceedings upon the filing of a vol-

untary petition for bankruptcy.[1] Specifically, Section 362(a)(1) provides that a stay shall be imposed on:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding [i] against the debtor that was or could have been commenced before the commencement of the case under this title, or [ii] to recover a claim against the debtor that arose before the commencement of the case under this title[.]

*Id.* We conclude that both clauses of Section 362(a)(1) apply to an appeal pending before us from a Tax Court judgment concerning an alleged tax deficiency on the part of the debtor.

## A.

■ An appeal from a Tax Court judgment concerning an alleged tax deficiency on the part of the debtor is a "continuation" of an administrative proceeding "against the debtor" within the meaning of the first clause of Section 362(a)(1). The IRS has established a comprehensive income tax assessment procedure that begins with an audit and wends its way through the federal courts, including the Court of Appeals, the final potential step being a denial of certiorari or a judgment in favor of one party or the other by the Supreme Court of the United States. *See* IRS Publication No. 556, *Examination of Returns, Appeal Rights, and Claims for Refund*, at 9 (1990).

Under the income tax assessment procedure, a taxpayer is barred from petitioning the Tax Court until he has first participated in a number of administrative proceedings that are initiated "against" him. These proceedings include an audit, a meeting with a revenue agent and a supervisor, a 30–day letter ("Preliminary Notice"), formal proceedings before the IRS Appeals Division, and a 90–day letter ("Notice of Deficiency"). These proceedings may continue with the taxpayer's request to the Tax Court to remove or reduce the deficiency assessment and, next, an appeal by one party or the other to the Court of Appeals.

Here, because the Commissioner prevailed in the Tax Court, the appeal pending before us happens to have been filed by the taxpayer, the Delpits. In other cases, the appeal will have been filed by the Commissioner. Either way, however, the appeal from the Tax Court's judgment is simply a "continuation" of the comprehensive income tax assessment procedure—which is initiated by IRS administrative proceedings "against" the taxpayer. Accordingly, we hold that the automatic stay provisions of Section 362(a)(1) apply to such appeals.

## B.

■ The Delpits' appeal is also a "continuation" of an administrative proceeding "to recover a claim against the debtor" within the meaning of the second clause of Section 362(a)(1). Here, the IRS initiated a proceeding (i.e., an audit) against the taxpayers in

---

1. Section 362(a) imposes a stay on eight kinds of proceedings:

   (a) Except as provided in subsection (b) of this section, a petition filed ... operates as a stay, applicable to all entities, of—

   (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

   (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

   (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

   (4) any act to create, perfect, or enforce any lien against property of the estate;

   (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

   (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

   (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim of the debtor; and

   (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

order to recover a $38 million claim for an alleged tax deficiency. (The IRS's claim arose in 1986, well before the Delpits filed for bankruptcy.) Because the Delpit's appeal is a "continuation" of that proceeding, we also hold that the appeal is stayed under the second clause of Section 362(a)(1).

## III.

### A.

The legislative history of Section 362 supports our conclusion that the appeal is stayed. Congress intended to give debtors "a breathing spell" from their creditors and to stop "all collection efforts, all harassment, and all foreclosure actions." H.R.Rep. No. 95–595, 95th Cong., 2d Sess. (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, at 6296–97. The automatic stay allows debtors, during the period of the stay, "to be relieved of the financial pressures that drove [them] into bankruptcy." *Id.* at 6297. Accordingly, Section 362 is *"extremely broad* in scope" and "should apply to *almost any type* of formal or informal action against the debtor or the property of the estate." 2 *Collier on Bankruptcy* ¶ 362.04, at 362–34 (15th ed. 1993) (emphasis added) [hereinafter *Collier*].

Here, the Delpits' primary debt consists of the $70 million (and growing) Tax Court judgment against them. Staying this case would allow the Delpits to reorganize their finances in an orderly fashion while postponing further legal proceedings and the attendant expenses they would otherwise incur before this court. The stay would give them a breathing spell from the IRS's pursuit. Most important, it might afford the Delpits and the IRS an opportunity to work out a realistic settlement and compromise agreement that might not otherwise be possible.

### B.

Our conclusion also finds support in the legislative history of Section 505 of the Bankruptcy Code, 11 U.S.C. § 505. Section 505 sets forth the general treatment of tax claims by a bankruptcy court. In the legislative history to that section, Congress stated that it "authoriz[es] *the trustee* to prosecute an appeal or review of a tax case." S.Rep. No.

1106, 95th Cong., 2d Sess. (1978), *reprinted in 3 Collier* ¶ 505.03[1], at 505–22 (emphasis added). However, the trustee's right to appeal a Tax Court judgment can be fully preserved only if all existing appeals are stayed. Otherwise, the debtor might default on its appeal for any number of reasons (e.g., lack of funds, legal error), and thus deprive the trustee of its ability to prosecute an appeal on the debtor's behalf.

## IV.

The Commissioner raises several arguments as to why Section 362(a)(1) does not stay the Delpits' appeal. We reject each of them.

### A.

The Commissioner first relies upon *Cheng v. Commissioner,* 938 F.2d 141 (9th Cir. 1991), for the proposition that the automatic stay provisions of Section 362 do not apply to appeals from Tax Court judgments. In *Cheng,* we held that Section 362(a)*(8)* of the Bankruptcy Code—which stays the "commencement or continuation of a proceeding before the United States Tax Court concerning the debtor" (emphasis supplied)—does not apply to appeals from Tax Court judgments. *See id.* at 143. We had no difficulty concluding from the express language of Section 362(a)(8) that it applies only to proceedings *before the Tax Court,* and not to proceedings *before the Court of Appeals. Id.* That is precisely what paragraph *eight* says and precisely how we confined *its* scope. The Commissioner now contends that *Cheng* applies here as well.

The Commissioner's reliance on *Cheng* is misplaced. *Cheng*'s holding was limited to Section 362(a)*(8)* of the Bankruptcy Code. We did not consider or rule upon the question whether any of the other seven provisions listed in Section 362(a)—e.g., Section 362(a)(1)—is applicable to an appeal from a Tax Court judgment. That is the question before us now. Unlike the taxpayer in *Cheng,* the Delpits rely upon Section 362 in its entirety; they do not rely just upon Section 362(a)*(8).* Thus, it is the very different and far broader language of Section 362(a)(1)

that we must construe here. Accordingly, *Cheng* is simply not pertinent to this case. *See First Nat'l Bank v. Bartow County Board of Tax Assessors,* 470 U.S. 583, 593 n. 6, 105 S.Ct. 1516, 1522 n. 6, 84 L.Ed.2d 535 (1985) (declining to extend a holding to arguments that were not previously addressed).

**B.**

■ The Commissioner next argues that the Delpits' reading of Section 362(a)(1) would render Section 362(a)(8) superfluous. In short, the Commissioner says, the Delpits' expansive reading of the former provision would render the latter unnecessary. According to the Commissioner, were we to accept the Delpits' analysis, *any* proceeding "before" the Tax Court—i.e., a proceeding covered by Section 362(a)(8)—would also be a Section 362(a)(1) "continuation" of an administrative action or proceeding against the debtor. Accordingly, Section 362(a)(8) would be read out of the statute.

We reject the Commissioner's argument. Not all Section 362(a)(8) proceedings are simultaneously covered by Section 362(a)(1). For example, the Tax Court is authorized to rule on certain kinds of declaratory judgments pertaining to pension plans and governmental obligations, *see* 26 U.S.C. §§ 7476, 7478, and certain questions pertaining to the confidentiality of written determinations, *see* 26 U.S.C. § 6110. Although Section 362(a)(8) clearly applies to such actions (because they are "before" the Tax Court), Section 362(a)(1) does *not* apply simultaneously because such actions do not necessarily arise from proceedings "against the debtor" or proceedings "to recover a claim against the debtor."[2] Accordingly, the Delpits' reading of Section 362(a)(1) does not render Section 362(a)(8) superfluous.

In any event, the fact that many actions covered by Section 362(a)(8) are also covered by Section 362(a)(1) does not change our analysis. Substantial overlap is common among the automatic stay provisions of Section 362(a). This overlap reflects Congress' intent to describe every conceivable action that might impinge on the debtor's "breathing spell," even though such an approach might result in some redundancy. For example, a creditor's attempt to enforce a pre-bankruptcy judgment outside of Bankruptcy Court would violate *four* provisions of Section 362 simultaneously—Section 362(a)(1) (continuation of an action against the debtor), Section 362(a)(2) (enforcement of a pre-bankruptcy judgment), Section 362(a)(3) (action to obtain possession of property of the estate), *and* Section 362(a)(6) (any act to collect on a claim against the debtor). Accordingly, the fact that a substantial overlap exists between Section 362(a)(8) and Section 362(a)(1) does not affect our conclusion.

**C.**

■ The Commissioner next relies upon *Freeman v. Commissioner,* 799 F.2d 1091 (5th Cir.1986) (per curiam), a short Fifth Circuit per curiam opinion. The *Freeman* panel held that Section 362(a)(1) is not applicable to Tax Court appeals, reasoning that Tax Court litigation is not an action or proceeding that is instituted "against the debtor." *Id.* at 1093. The panel reasoned that because it is the *debtor* himself who initiates an action in Tax Court, such an action cannot possibly be "against the debtor." We reject the Commissioner's reliance on *Freeman* for two reasons.

As we have noted above, *Freeman*'s reasoning is faulty. A taxpayer is barred from filing a petition in Tax Court unless the IRS has *already* instituted extensive administrative proceedings "against" him (e.g., audit, meeting, 30–day letter, appeals board, 90–day Notice of Deficiency, etc.).[3] Accordingly,

---

2. We do not decide here the question whether appeals from such proceedings are covered by the automatic stay provisions of Section 362.

3. The Commissioner argues that because the issuance of a Notice of Deficiency is exempt from the automatic stay provisions, *see* 11 U.S.C. § 362(b)(9), the IRS cannot be considered to have instituted administrative proceedings "against" the debtor. We disagree. First, the IRS initiates administrative proceedings "against" the debtor long *before* a Notice of Deficiency is ever issued. Second, Section 362(b)(9) merely *preserves* the Commissioner's claim against the debtor; the provision has absolutely no relevance to the question of what happens to that claim *after* a Notice of Deficiency is issued.

an appeal from a Tax Court judgment is indeed a "continuation" of an action or proceeding "against the debtor" within the meaning of Section 362(a)(1). *See generally supra* p. 771. The mere fact that a debtor "initiates" an action in Tax Court is not dispositive; we must examine the proceedings as a whole to determine whether they are in fact initiated "against the debtor." *See In re Bloom*, 875 F.2d 224, 226 (9th Cir.1989) (holding that a motion by a creditor to strike a pre-bankruptcy action violates the automatic stay even though the debtor initiated the proceeding and was the plaintiff). Otherwise, declaratory judgments and state-court proceedings initiated by the debtor to resolve disputes over tax liability would never be subject to the automatic stay.

Even assuming its reasoning were correct, however, *Freeman* directly addresses only the first clause of Section 362(a)(1). *Freeman* does not purport to consider whether the *second clause* of Section 362(a)(1) operates to stay a Tax Court appeal. *Freeman* holds that an appeal from a Tax Court judgment is not a proceeding against the debtor. It does not decide whether such an appeal involves a proceeding to recover a *claim* against the debtor. *Freeman*, 799 F.2d at 1092–93. While the distinction may be thin, so is the reasoning that supports *Freeman*'s conclusion regarding the first clause.[4]

### D.

■ The Commissioner finally relies upon Section 505 in support of her argument that the appeal should not be stayed. Section 505 provides that a bankruptcy court may not decide any tax claim that was "contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction" (i.e., the Tax Court in this case). 11

U.S.C. § 505(2)(A). The Commissioner argues that the Court of Appeals *must* review the appeal because it is the only tribunal that has the authority to do so.

The Commissioner's argument misperceives the purpose of Section 505. As we have explained above, Section 505 leaves the decision whether or not to appeal to the *trustee.* The trustee may choose to drop the case, or he may choose to step into the shoes of the debtor and proceed with the appeal. *See generally supra* pp. 771–72. The Commissioner's position undermines the trustee's ability to make that choice. *See id.* We conclude that Section 505 does not "require" us to hear the Delpits' appeal.[5]

■ In any event, the Commissioner fails to explain how a stay in this case would prejudice her. Under Section 505, the favorable Tax Court judgment is binding on the Bankruptcy Court. A stay would not alter the effect of that judgment in the Bankruptcy Court; in fact, it *preserves* the judgment for due consideration by the trustee and the Bankruptcy Court along with the claims of the Delpits' other creditors.

Finally, we note that the Commissioner's position would lead to an anomalous result. According to the Commissioner, a case is stayed if the debtor declares bankruptcy while he is still before the Tax Court. However, the case is not stayed if the debtor happens to declare bankruptcy after either party has chosen to appeal the Tax Court's judgment to the Court of Appeals. But if we then hear the case on the merits and remand it back to the Tax Court, under the Commissioner's theory the case would once again be stayed. This convoluted approach defies both reason and common sense.[6]

---

4. In any event, *Freeman* is not binding on us, and we respectfully disagree with its conclusion. For the reasons stated above, we decline to follow the Fifth Circuit's rule.

5. We note that the Commissioner argues that the Delpits should have posted an appeal bond in accordance with 26 U.S.C. § 7485. This argument is completely irrelevant to the question whether the automatic stay provisions of Section 362(a)(1) are applicable. Accordingly, we decline to address it here.

6. In any event, it appears that the Commissioner would be unable to enforce a favorable judgment by this court. Section 362(a)(6) stays any "act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." A victory would leave the Commissioner in the same position she would be in if the stay remained in effect. Accordingly, there seems to be no practical reason to proceed with the merits of the case from the Commissioner's standpoint.

## V.

We conclude that the Delpits' appeal from the Tax Court is stayed pursuant to the automatic stay provisions of Section 362(a)(1).

STAYED.