Oren G. BIGELOW; Debra G. Bigelow, deceased; and Pamela E. Bigelow, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 93–70866.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 1995.

Decided Aug. 24, 1995.

John Harrison Wegge, Pasadena, CA, for petitioners-appellants.

Gary R. Allen, Gary D. Gray, Joan I. Oppenheimer, United States Department of Justice, Tax Division, Washington, DC, for respondent-appellee.

Before: FARRIS and O'SCANNLAIN, Circuit Judges and TASHIMA, District Judge.*

PER CURIAM.

The Bigelows timely appeal from a decision of the Tax Court. They argue that the Tax Court's ruling is void because it violated the automatic stay that took effect upon filing of their bankruptcy petition. The Tax Court had jurisdiction under 26 U.S.C. §§ 6213, 6214, and 7442. We have jurisdiction pursuant to 26 U.S.C. § 7482. We affirm.

## BACKGROUND

During 1981 and 1982, the IRS issued roughly 300 notices of deficiency to participants in a tax shelter. The recipients of these notices of deficiency responded with Tax Court petitions challenging the IRS' disallowance of the deductions. The Bigelows were among those who filed petitions with the Tax Court. The Bigelows' petition was filed on July 12, 1982. The petition sought a determination of "no deficiency in income tax; or according to proof, [that] an overpayment exists."

Six of the 300 petitions were litigated as test cases. The IRS prevailed in each. The Bigelows' case was then set for trial on January 14, 1991. On that date, the Bigelows' counsel informed the Tax Court that the Bigelows had filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code in November 1989. The Bigelows' counsel was evidently unaware that the Bankruptcy Court had entered an order of discharge in the bankruptcy case on April 18, 1990. The Tax Court stayed its proceedings pursuant to 11 U.S.C. § 362(a)(8).

When the IRS subsequently learned of the discharge order, it notified the Tax Court. The stay was dissolved and the case set for trial. Approximately two weeks before trial, the Bigelows filed a motion for reimposition of the stay, contending that removal of the stay violated § 362(c)(1) of the Bankruptcy Code. Under § 362(c)(1), an automatic stay prohibits "act[s] against property of the [bankruptcy] estate" following an order of discharge. 11 U.S.C. § 362(c)(1). The IRS opposed the motion on the ground that a Tax Court decision is not "an act against property of the estate." The motion was denied. The Tax Court then granted the IRS' unopposed motion for a ruling in its favor.

## DISCUSSION

An automatic stay takes effect upon filing of a Chapter 7 bankruptcy petition. 11 U.S.C. § 362(a). Among other things, an automatic stay specifically applies to Tax Court proceedings.[1] § 362(a)(8). Because

---

* Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

1. The full text of § 362(a) reads:

    (1) the commencement of continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

    (2) the enforcement, against the debtor or against property of the estate, or a judgment obtained before the commencement of the case under this title;

    (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

    (4) any act to create, perfect, or enforce any lien against property of the estate;

    (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

    (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

    (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

the parties and the Tax Court were unaware that an order of discharge had been entered on the Bigelows' Chapter 7 bankruptcy petition, the Tax Court entered a stay.[2]

A stay pursuant to § 362(a) is not indefinite. Under § 362(c)(1), an automatic stay prevents "act[s] against property of the estate." The prohibition "continues until such property is no longer property of the estate." § 362(c)(1). However, with regard to "any other [of the eight enumerated] act[s]", a stay immediately dissolves upon issuance of a discharge by the bankruptcy court. § 362(c)(2)(C).

■ It is uncontroverted that an order of discharge was issued by the bankruptcy court on April 18, 1990. The validity of the Tax Court's subsequent ruling therefore turns on whether reopening the Tax Court proceedings was "an act against property of the estate" under § 362(c). If so, the automatic stay was still in effect and the ruling is void. *See Hillis Motors v. Hawaii Auto. Dealers' Ass'n,* 997 F.2d 581, 586 (9th Cir. 1993) ("In this circuit, actions taken in violation of the automatic stay are void rather than voidable."). If not, the ruling is valid.[3]

The Bigelows listed their alleged tax overpayment as an asset on their bankruptcy petition.[4] They argue that because the Tax Court's ruling reduced the value of their listed assets, it was an act against property of their bankruptcy estate. The argument is not persuasive.

Of the eight categories listed in § 362(a) to which an automatic stay applies, three reference actions against "property of the estate." They are subsections (2), (3), and (4). Subsections (2) and (4)—which apply to enforcement of pre-bankruptcy petition judgments and property liens—plainly do not relate to Tax Court proceedings.

■ Subsection (3) of § 362(a) precludes "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The Tax Court litigation was not an act to obtain possession or control over property of the bankruptcy estate. Rather, its purpose was to determine whether the Bigelows owed taxes or were entitled to a refund for overpayment—in other words, to determine whether the Bigelows' claimed overpayment listed as property on their bankruptcy petition in fact existed.

Further, the Tax Court's assessment of taxes owed (and rejection of overpayment argument) was not an action against the property in the Bigelows' bankruptcy estate; it was an action against *the Bigelows.*[5] *See Delpit v. Commissioner,* 18 F.3d 768, 770 (9th Cir.1994) (an appeal from a decision of the Tax Court is a continuation of tax-collection proceedings against the taxpayer). Had

---

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.
11 U.S.C. § 362(a)(1)–(8).

**2.** The automatic stay would not have prevented the IRS from issuing a notice of tax deficiency to the Bigelows. Section 362(b)(9) expressly permits a notice of tax deficiency to be issued to a debtor notwithstanding an automatic stay. Section 362(b)(9) was amended by the Bankruptcy Act of 1994, which applies to cases commenced after October 22, 1994. The revised version, among other things, exempts from an automatic stay "the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason of such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceeds are transferred out of the estate to, or otherwise revested in, the debtor.)" 11 U.S.C. § 362(b)(9)(D).

**3.** The fact that the Bigelows initiated the Tax Court proceedings by filing a petition does not preclude a finding that the proceedings were against property of the estate. *Delpit v. Commissioner,* 18 F.3d 768, 772–73 (9th Cir.1994) (rejecting contention that because the debtor initiates a Tax Court action, such an action cannot be against the debtor).

**4.** On their Schedule B–2 list of assets attached to their bankruptcy petition, the Bigelows listed a "claim against the IRS" of $120,000. However, this so-called "claim" merely offset the $120,000 in back taxes owing to the IRS that they listed as a priority debt on their Schedule A–1. The Bigelows' Tax Court petition did not assert an overpayment of any specified amount.

**5.** The Bigelows' tax debts were not, of course, discharged in the bankruptcy proceedings. Otherwise, this action would have been moot. The Bigelows are liable for back taxes despite the bankruptcy petition and order of discharge.

the IRS attempted to enforce its assessment by placing liens against the property in the bankruptcy estate, § 362(a)(3) and (4) would have been violated. The Tax Court's assessment and accompanying rejection of the Bigelows' overpayment contention, without more, did not amount to an effort "to obtain possession of property of the estate . . . or to exercise control over property of the estate." § 362(a)(3).

The Supreme Court's decision in *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 514–15, 15 L.Ed.2d 428 (1966), is not to the contrary. The *Segal* Court held that a loss-carryback tax refund claim was "property" of the bankrupt's estate on the date of filing within the meaning of § 70(a)(5) of the Bankruptcy Code. *See also Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) (tax refund constitutes "property" within meaning of § 70(a)(5) of the Bankruptcy Act); *In re Barowsky,* 946 F.2d 1516 (10th Cir.1991) (prepetition portion of tax refund property of Chapter 7 debtors' estate). *Segal* does not address the question of whether Tax Court litigation to resolve a disputed notice of deficiency and accompanying assertion of overpayment is an "act against property of the [bankruptcy] estate" within the meaning § 362(c)(1) following an order of discharge. In this case, unlike *Segal,* there is no dispute that if the Tax Court had awarded the Bigelows a refund, it would have gone into the bankruptcy estate.

## CONCLUSION

The ruling by the Tax Court was not an "act against property of the estate" within the meaning of § 362(c)(1). The Tax Court proceedings following the order of discharge did not violate the automatic stay.

AFFIRMED.