1998 ME 61

Maynard SAUCIER

v.

STATE TAX ASSESSOR.

Supreme Judicial Court of Maine.

Submitted on Briefs March 9, 1998.
Decided March 25, 1998.

William J. Smith, Van Buren, for plaintiff.

Andrew Ketterer, Atty. Gen., Stanley W. Piecuch, Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

ROBERTS, Justice.

[¶ 1] Maynard Saucier appeals from the judgment of the Superior Court (Aroostook County, *Pierson, J.*) dismissing his petition for review of final agency action pursuant to M.R. Civ. P. 37 for failure to comply with the court's order compelling discovery. Saucier contends that his action was stayed by his filing a bankruptcy petition or, in the alternative, that the court's sanction of dismissal exceeded the bounds of its discretion. We conclude that the circumstances do not warrant dismissal and accordingly vacate the judgment.

[¶ 2] On December 4, 1994, the State Tax Assessor issued a transfer assessment against Maynard Saucier for certain trust fund taxes, plus interest and penalties, owed by W.H. Ouellette, Inc. The trust fund consists of sales taxes collected by W.H.

Ouellette, Inc.[1] Saucier requested reconsideration of the assessment, and following an informal conference, the Assessor upheld the transfer assessment. Pursuant to 36 M.R.S.A. § 151 (Supp.1997), Saucier filed a complaint seeking review of final agency action in the Superior Court.

[¶3] On April 14, 1997, the Assessor served a set of interrogatories and a request for production of documents upon Saucier. When Saucier failed to respond to the requested discovery, the Assessor obtained an order compelling Saucier to provide the requested discovery. The order compelling discovery was entered on June 6, 1997, and allowed Saucier fifteen days to comply with the discovery request. Saucier did not respond to the order compelling discovery, but filed a petition for liquidation under Chapter 7 of the United States Bankruptcy Code on June 20, 1997, one day before the compelled discovery was due. Saucier notified the court of the bankruptcy filing by a letter dated June 25, 1997, that reflected his understanding that "all proceedings are stayed pursuant to the provisions of the Bankruptcy Act." On July 1, 1997, the Assessor filed a motion to dismiss Saucier's complaint pursuant to M.R. Civ. P. 37(b)(2)(C) based on Saucier's failure to comply with discovery.[2] The court granted the motion, and this appeal followed.

[¶4] Section 362 of the Bankruptcy Code provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(1) (1994) (emphasis added). The parties agree that the proceeding at issue is a continuation of an administrative proceeding for the purposes of the automatic stay provision of section 362(a)(1). They disagree, however, regarding whether the proceeding was brought by Saucier or against him. By the terms of the statute, the automatic stay of proceedings applies only to actions that are "against the debtor." There is a split of federal authority on the issue whether a tax assessment proceeding is "brought" by the taxing authority or the taxpayer. In *Delpit v. Commissioner of Internal Revenue*, 18 F.3d 768 (9th Cir.1994), the court held that "[a]n appeal from a Tax Court judgment concerning an alleged tax deficiency on the part of the debtor is a 'continuation' of an administrative proceeding 'against the debtor' within the meaning of the first clause of Section 362(a)(1)." *Id.* at 770. On the other hand, in *Freeman v. Commissioner of Internal Revenue*, 799 F.2d 1091 (5th Cir.1986) (per curiam), the court held that an identical proceeding was "initiated" by the taxpayers filing a petition for a redetermination of their income tax liability with the Tax Court, and therefore was initiated *by*

---

1. Pursuant to 36 M.R.S.A. § 177(1) (Supp.1997), an individual may be held personally responsible for the payment of trust fund taxes owed by a corporation of which he or she is an officer, director, member, agent, or employee if the individual is responsible for the control or management of the funds or finances of the corporation or is responsible for the payment of the corporation's taxes. During the period of assessment, Saucier owned 37% of W.H. Ouellette, Inc., and was its vice president, treasurer, and general manager.

2. M.R. Civ. P. 37(b)(2)(C), which governs failure to make discovery, provides in pertinent part:

(b) **Failure to Comply With Order.**

....

(2) *Sanctions by Court in Which Action is Pending.* If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

....

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding or any part thereof,* or rendering a judgment by default against the disobedient party[.]

(Emphasis added.)

the debtor, not *against* the debtor. *Id.* at 1093.

[¶ 5] In this case Saucier is in a position similar to that of the debtor in *Delpit*. The underlying action in Delpits' case was a claim by the Internal Revenue Service that the Delpits were responsible for certain tax liabilities arising from sham accounting transactions by a holding company they formerly owned, a claim the Delpits disputed. *Delpit*, 18 F.3d at 769. The Freemans, however, filed a petition in the Tax Court seeking merely a redetermination of their federal income tax liability from four years earlier. *Freeman*, 799 F.2d at 1092. Saucier is not simply challenging the amount of an ordinary annual tax obligation. On the contrary, the Tax Assessor is seeking to hold him personally responsible for the trust fund taxes owed by a corporation. In these circumstances, the administrative proceeding is properly characterized as one initiated "against the debtor," and the bankruptcy code's automatic stay provision is applicable.

[¶ 6] Even if Saucier were not entitled to the automatic stay provisions of section 362(a)(1), we conclude that the court's dismissal of his action was overly harsh. We review the trial court's decision as to the sanction imposed for a discovery violation for an abuse of discretion. *Employee Staffing of America, Inc. v. Travelers Ins. Co.*, 674 A.2d 506, 508 (Me.1996) (citing *Shaw v. Bolduc*, 658 A.2d 229, 234–35 (Me.1995)). Although the trial court's discretion to choose the appropriate sanction is broad, when a court imposes a "drastic" sanction such as dismissal or default we closely scrutinize the court's decision. *Pelletier v. Pathiraja*, 519 A.2d 187, 190 (Me.1986).

[¶ 7] It is true that we have affirmed dismissals based on discovery noncompliance in several past cases. *See, e.g., Employee Staffing*, 674 A.2d at 509; *Hatch v. Maine Tank Co.*, 666 A.2d 90, 93–94 (Me.1995); *Pelletier*, 519 A.2d at 190. The compelling facts justifying dismissal in those cases are not present here, however. In each of the three cases cited, the sanctioned party had repeated opportunities to comply with the requested discovery or was on clear notice that the action would be dismissed. Saucier is not blameless—he failed to provide the requested discovery within 30 days as required pursuant to M.R. Civ. P. 33 and 34. The record is silent as to whether he was prepared to comply with the court's order compelling discovery within the additional fifteen days provided by the court. He did file his petition in bankruptcy during that 15–day period before the conclusion of the compelled discovery period, however, and had a good faith and legally justifiable basis for believing that the Superior Court proceeding would be stayed. The law governing the applicability of the automatic stay provisions of the Bankruptcy Code in a case such as this is far from settled, and we conclude therefore that Saucier should not have been subject to the drastic sanction of dismissal.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

