FILED
United States Court of Appeals
Tenth Circuit

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 28, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

JOHN H. SCHOPPE,

        Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No. 12-9010

**APPEAL FROM THE UNITED STATES TAX COURT**
**(Tax Court No. 9867-10)**

Submitted on the briefs:[*]

John H. Schoppe, Pro se.

Kathryn Keneally, Assistant Attorney General, Bruce R. Ellisen, Attorney, and John Schumann, Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., for Respondent-Appellee.

Before **O'BRIEN**, **McKAY**, and **BALDOCK**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**McKAY**, Circuit Judge.

_____

John H. Schoppe petitions for review of a Tax Court decision finding him liable for tax deficiencies for the years 2002 through 2007. While the case was proceeding in this court, Mr. Schoppe filed a voluntary bankruptcy petition. That filing prompted this court to request supplemental briefing from the parties on whether the automatic bankruptcy stay in 11 U.S.C. § 362(a)(1) would apply to this appeal. As a threshold matter, we hold that § 362(a)(1) does not stay this appeal. On the merits, we affirm the Tax Court's decision.

I.

The automatic stay provision provides that the filing of a bankruptcy petition operates as a stay of:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1) (emphasis added). Recently, we explained that § 362 should be read "to stay all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception." *TW Telecom Holdings Inc. v. Carolina Internet, Ltd.*, 661 F.3d 495, 497 (10th Cir. 2011) (internal quotation marks omitted).

- 2 -

In this case, the Commissioner issued a Notice of Deficiency determining federal tax deficiencies for the years 2002 through 2007. Mr. Schoppe then filed a petition in Tax Court seeking redetermination of the deficiencies. The Tax Court found him liable for the tax deficiencies and Mr. Schoppe filed a petition for review in this court.

It is an open question in this circuit whether a proceeding is initiated *by the debtor* when he files a petition in Tax Court or whether the Tax Court proceeding is a continuation of the proceeding initiated *against the debtor* when the Commissioner begins the administrative process of determining that there is a deficiency. The Fifth Circuit in *Freeman v. Commissioner*, 799 F.2d 1091 (5th Cir. 1986), and the Ninth Circuit in *Delpit v. Commissioner*, 18 F.3d 768 (9th Cir. 1994), have taken opposing views on this question.

In discussing the split, the Eleventh Circuit explained that in *Freeman*, the court "found that the appellants had initiated the judicial proceeding by filing their petition with the Tax Court. Accordingly, neither the Tax Court proceeding nor the petitioners' appeal therefrom was a proceeding against the debtor and § 362(a)(1) did not apply." *Roberts v. Comm'r*, 175 F.3d 889, 894 (11th Cir. 1999). In contrast, in *Delpit*, "the Ninth Circuit concluded that a proceeding before the Tax Court and an appeal therefrom constituted continuations of the comprehensive income tax assessment procedure . . . which is initiated by IRS administrative proceedings

against the taxpayer. It therefore held that section 362(a)(1) stayed the petitioners' appeal." *Roberts*, 175 F.3d at 894 (internal quotation marks and citation omitted).

The Eleventh Circuit "reject[ed] the Ninth Circuit's characterization of a Tax Court proceeding as a mere continuation of IRS administrative proceedings against the taxpayer," explaining "[i]n light of Supreme Court and Eleventh Circuit precedent, it is clear that a Tax Court case is properly to be characterized as an independent judicial proceeding." *Id*.; *see also Freytag v. Comm'r*, 501 U.S. 868, 890-91 (1991) ("The Tax Court exercises judicial, rather than executive, legislative, or administrative, power."); *Gatlin v. Comm'r*, 754 F.2d 921, 923 (11th Cir. 1985) ("[A] trial before the Tax Court is a proceeding de novo; our determination of a petitioner's tax liability must be based on the merits of the case and not any previous record developed at the administrative level." (internal quotation marks omitted)). The court concluded that the filing of a petition for redetermination commenced a judicial proceeding in Tax Court that was initiated by the debtor, not against the debtor and, therefore, the automatic stay in § 362(a)(1) did not apply. *See Roberts*, 175 F.3d at 895.

Two other circuits have adopted the reasoning of the Fifth and Eleventh Circuits and rejected the reasoning of the Ninth Circuit. In *Rhone-Poulenc Surfactants and Specialties, L.P. v. Commissioner*, 249 F.3d 175, 177-178 (3d Cir. 2001), the IRS issued a notice of administrative adjustment of partnership items and the debtor filed a petition in Tax Court seeking to challenge the assessment. The

- 4 -

Third Circuit determined that § 362 did not apply to stay the appeal because the proceeding before the Tax Court was brought by the debtor. *Id*. at 180. In *Haag v. United States*, 485 F.3d 1, 2 (1st Cir. 2007), the United States initially filed a tax collection action against the Haags in district court. While that case was pending, the Haags filed a separate action in district court against the United States, alleging violations of their statutory due process rights with respect to the federal tax liens filed against them. *Id*. The district court granted summary judgment in favor of the government. On appeal, the court determined that the stay in § 362(a)(1) did not apply because the Haags brought the suit themselves. *Id*. at 4. The First Circuit acknowledged that, "[o]ccasionally, a court has held that an action brought by a debtor should be re-characterized as a further phase of a suit against the debtor," citing to the Ninth Circuit's decision in *Delpit*, but noting the disagreement of three other circuits with that decision. *Id*. The court ultimately concluded, however, that:

> There is much to be said for the mechanical rule followed by the plurality of circuits; Congress chose to stay only actions against the debtor and not those by him even though each can have adverse effects on the estate and other third party interests. This case . . . is no occasion for a departure from the statutory terms.

*Id*.

We agree with the four circuits that have applied a bright-line rule that a petition filed in Tax Court is an independent judicial proceeding initiated by the debtor, not the continuation of an administrative proceeding against the debtor. Because the underlying case in this appeal originated with Mr. Schoppe commencing

- 5 -

a judicial proceeding in Tax Court for a redetermination of his tax deficiencies, we conclude the automatic stay in § 362(a)(1) does not apply.

II.

We now turn to the merits of Mr. Schoppe's petition.  Mr. Schoppe was a licensed real estate agent and broker during the relevant time period in this case.  He engaged in several types of activities, including real estate sales and appraisals, teaching, financial planning, business consulting, and insurance.  Although he had multiple sources of income, he did not file timely federal tax returns for the years 2002 through 2007.  Except for small amounts of tax withheld from wages in two of the years at issue, Mr. Schoppe paid no federal income taxes for any of these years, nor did he make any estimated tax payments for any of these years.

Mr. Schoppe maintained a checking account and a savings account at America First Credit Union (AFCU).  He kept handwritten records of the deposits to and deductions from his AFCU checking account using a check register that recorded both personal and business expenses, mixed together.  The IRS conducted an audit and reviewed the AFCU accounts.  The IRS then prepared substitute returns for Mr. Schoppe for each of the years at issue, allowing the standard deduction and a personal exemption for each year.  Mr. Schoppe subsequently submitted federal income tax returns, claiming substantial business deductions that offset the reported income and reflected net business losses.  The IRS did not process Mr. Schoppe's untimely returns.

The IRS sent Mr. Schoppe a notice of deficiency for the years 2002 through 2007, determining income tax deficiencies, as well as additional amounts for failing to file returns, failing to pay tax when due, and failing to pay estimated tax. Proceeding pro se, Mr. Schoppe filed a petition in Tax Court, challenging the IRS's determinations.

Mr. Schoppe was the only witness at trial. He testified that his business expenses were high because he was a sole proprietor. He further testified that he kept records of his expenses on "dayplanners," showing "exactly where I was, what I was doing, and what money was spent." R. Doc. 12 at 15. Although he referred to his dayplanners at several points during his testimony, he did not offer any of them into evidence. The Tax Court questioned Mr. Schoppe about examples of expenses from his dayplanners, pointing out the lack of evidence of the specific business purpose of the expenses. During cross-examination, Mr. Schoppe was unable to demonstrate how anyone else could determine from his records which of his expenses were personal and which were business-related.

The Tax Court sustained the IRS's determination of the deficiencies, concluding that Mr. Schoppe failed to adequately substantiate deductions he claimed for business expenses. We review this finding for clear error. *See Rosenberg v. Comm'r*, 450 F.2d 529, 533 (10th Cir. 1971).

On appeal, Mr. Schoppe argues that he "presented thorough documented evidence in the form [of] daily accounting, checks, receipts, and statements of

- 7 -

purpose of business expenses," but he fails to cite to any specific evidence supporting this assertion. Aplt. Br. at 1. We note that he did not introduce any of his "dayplanners" into evidence at trial, and his testimony related to his dayplanners did not demonstrate that he could identify with specificity what were personal and what were business expenses. Overall, he made little effort to classify or categorize his expenses, asserting that he spent "all of [his] time working, lunches, traveling, teaching." R. Doc. 12 at 30. This type of unsubstantiated testimony is insufficient to meet his burden of proof. *See Zell v. Comm'r*, 763 F.2d 1139, 1142 (10th Cir. 1985) (noting that the taxpayer has the burden of proving the claimed deductions and concluding that taxpayer "ha[d] failed to substantiate that the claimed deductions were expenses incurred in pursuit of his alleged trade or business activities, rather than non-deductible personal expenses").

The Tax Court found that there was no reasonable basis to estimate Mr. Schoppe's business expenses "because of the difficulty on the record before us of knowing with any confidence the correct nature of [Mr. Schoppe's] expenses." R. Doc. 17 at 10. The court also found that a significant portion of Mr. Schoppe's claimed expenses appeared to be entertainment and away-from-home meal and lodging expenses, which were required to be specifically documented, rather than estimated. Having reviewed the record, the parties' submissions, and the Tax Court decision, we see no error in the Tax Court's determination that Mr. Schoppe failed to substantiate his claimed business expenses.

Mr. Schoppe also argues on appeal that his rights to "'due process' and other rights and protections were breached and violated in the entire process from first notice to final court hearing." Aplt. Br. at 2.  Mr. Schoppe had a full and fair hearing in the Tax Court in which he was permitted to testify and offer evidence in support of his claimed deductions.  *See Rosenberg,* 450 F.2d at 533 (noting that "taxpayer had a full hearing and determination de novo in the Tax Court" before concluding that there was no denial of due process).  His conclusory assertion fails to demonstrate that his constitutional rights were violated.

For the foregoing reasons, we affirm the judgment of the Tax Court.  We deny Mr. Schoppe's motion to proceed in forma pauperis on appeal.