# IN THE SUPREME COURT OF THE STATE OF NEVADA

NV EAGLES, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY,
Respondent.

No. 78416

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment following a bench trial, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.[1]

We are not persuaded that the district court erred in determining that the HOA's foreclosure sale violated the automatic bankruptcy stay. *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo). Although appellant contends that the sale did not violate the automatic stay because

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-18621

the debtor had been personally discharged before the sale, the subject property was still part of the bankruptcy estate at the time of the sale and therefore was still subject to the automatic stay.[2] *See Bigelow v. C.I.R.*, 65 F.3d 127, 128 (9th Cir. 1995) ("Under § 362(c)(1), an automatic stay prohibits 'act[s] against property of the [bankruptcy] estate,' following an order of discharge." (quoting 11 U.S.C. § 362(c)(1))); *In re Rich*, 544 B.R. 436, 440 n.6 (Bankr. E.D. Cal. 2016) ("[T]he stay remains in effect as to property of the estate even after a discharge issues . . . ."); *In re Bruce*, No. 8:14-BK-15055-MW, 2018 WL 3424581, at *3 (Bankr. C.D. Cal. July 12, 2018) ("The automatic stay remains in effect as to property of the estate even after a discharge issues."); *In re Burke*, No. 12-12508-MKN, 2016 WL 3536618, at *3 (Bankr. D. Nev. Apr. 15, 2016) ("When the Discharge Order was entered on June 11, 2012, the automatic stay only terminated as to the Debtor, but remained with respect to all property of the Debtor's bankruptcy estate."). Consequently, the district court correctly determined that the HOA's foreclosure sale was invalid because it violated the automatic bankruptcy stay. *See LN Mgmt. LLC Series 5105 Portraits Place v. Green Tree Loan Servicing LLC*, 133 Nev. 394, 396-97, 399 P.3d 359, 360-61 (2017) (holding

---

[2]Appellant suggests that the district court should not have taken judicial notice of the bankruptcy court docket, but it has not provided any coherent explanation as to why doing so was improper. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that it is a party's responsibility to present cogent arguments supported by salient authority).

that foreclosure sales conducted in violation of the automatic bankruptcy stay are invalid unless the stay is retroactively annulled).[3] We therefore ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.      _____, J.
Stiglich                           Silver

cc:  Hon. Jerry A. Wiese, District Judge
     Hong & Hong
     Akerman LLP/Las Vegas
     Eighth District Court Clerk

_____

[3]Although the district court cited *LN Management* for this proposition, its judgment can be construed as having ruled that the foreclosure sale was valid but that respondent's deed of trust was not extinguished. Because neither party has taken issue with this potential ruling, we do not address its propriety.