# IN THE SUPREME COURT OF THE STATE OF NEVADA

ABHISHEK GUNDALA,
Appellant,
vs.
BAC HOME LOANS SERVICING, LP,
F/K/A COUNTRYWIDE HOME LOANS
SERVICING, LP,
Respondent.

No. 80097

FILED

APR 16 20__

ELIZABETH ___
CLERK OF ___
BY ___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.* 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

We are not persuaded that the district court erred in determining that the HOA's foreclosure sale was void due to it being conducted in violation of 11 U.S.C. § 362(c)(1)'s automatic-stay provision. In particular, the district court found that the HOA recorded a Notice of Delinquent Assessment in March 2011 and a Notice of Default in June 2011, both of which were recorded while the automatic stay was in effect. Although appellant argues that a question of material fact exists regarding whether the subject property was removed from the bankruptcy estate before those notices were recorded, this argument was not raised in district court, and we decline to consider it. *See Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (noting that arguments not raised in district court need not be considered on appeal).

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

ZI-11081

Because the above-mentioned notices were both recorded while the automatic stay was in effect, the district court correctly determined that they were void and that the ensuing HOA foreclosure sale was also void. *See LN Mgmt. LLC Series 5105 Portraits Place v. Green Tree Loan Servicing LLC,* 133 Nev. 394, 397, 399 P.3d 359, 361 (2017) (observing that although courts disagree whether an act in violation of the automatic stay is void or voidable, the distinction is irrelevant when no attempt has been made to have the bankruptcy court validate the act); *see also Bigelow v. C.I.R.,* 65 F.3d 127, 128 (9th Cir. 1995) ("Under § 362(c)(1), an automatic stay prohibits 'act[s] against property of the [bankruptcy] estate,' following an order of discharge." (quoting 11 U.S.C. § 362(c)(1))); *In re Rich,* 544 B.R. 436, 440 n.6 (Bankr. E.D. Cal. 2016) ("[T]he stay remains in effect as to property of the estate even after a discharge issues . . . ."); *In re Bruce,* No. 8:14-BK-15055-MW, 2018 WL 3424581, at *3 (Bankr. C.D. Cal. July 12, 2018) ("The automatic stay remains in effect as to property of the estate even after a discharge issues."); *In re Burke,* No. 12-12508-MKN, 2016 WL 3536618, at *3 (Bankr. D. Nev. Apr. 15, 2016) ("When the Discharge Order was entered on June 11, 2012, the automatic stay only terminated as to the Debtor, but remained with respect to all property of the Debtor's bankruptcy estate."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:   Hon. Mary Kay Holthus, District Judge
      Hong & Hong
      Akerman LLP/Las Vegas
      Eighth District Court Clerk