**FIRST WISCONSIN NATIONAL BANK
OF MILWAUKEE, etc.,
Plaintiff-Appellee,**

v.

**GRANDLICH DEVELOPMENT CORP.,
etc., et al., Defendants-Appellants.**

No. 77–2114
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1978.

R. Benjamine Reid, Miami, Fla., for defendants-appellants.

Huber R. Parsons, Jr., Robert Paul, Miami, Fla., S. E. Keane, David E. Beckwith, Robert A. DuPuy, Milwaukee, Wis., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a Fed.R.Civ.P. Rule 60(b) motion brought to effectively reinstate this case after dismiss-

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

al by orders upon which the time for appeal has run. Plaintiff-appellee, First Wisconsin National Bank of Milwaukee, sued defendants-appellants Grandlich Development Corporation and Fisher Development Corporation, along with other defendants, to foreclose certain mortgages. Grandlich and Fisher counterclaimed against the plaintiff, alleging that plaintiff had charged usurious interest. In this proceeding, they are trying to revive this counterclaim.

After the foreclosure complaint and counterclaim were filed in this case, both Grandlich and Fisher filed petitions for arrangement under Chapter XI of the Bankruptcy Act in the Southern District of Florida. The district court, apparently noting that the bankruptcy petition stayed the foreclosure proceedings against Grandlich and Fisher, dismissed them from these foreclosure proceedings. Later, *sua sponte,* the court dismissed the entire action for failure of the remaining parties to follow pretrial requirements. Although the dismissal as parties effectively dismissed the counterclaim of Grandlich and Fisher, they did not appeal.

Subsequently in January of 1977, they filed another action in district court, asserting all the allegations contained in their original counterclaim in order to preserve their damage rights under the National Bank Act. Apparently recognizing a statute of limitations problem in the later suit, in February of 1977 they moved under Rule 60(b) to amend or vacate both the order dismissing them as parties from the foreclosure action and the later order dismissing the entire action. The district court denied their motion and the defendants appealed. We find no merit in defendants' contentions on appeal and affirm the district court's order.

■ Defendants first assert that the filing of the petition in bankruptcy automatically divested the district court of jurisdiction to enter the orders dismissing them as parties and dismissing the foreclosure action. Defendants relied upon Rule 11–44, Rules of Bankruptcy Procedure, in this claim. Rule 11–44, standing alone, does not operate to remove the district court's jurisdiction. Rule 11–44 provides that the petition shall "operate as a stay of the commencement or the continuation of any court or other proceeding *against* the debtor, or the enforcement of any judgment *against* him, or of any act or the commencement or continuation of any court proceeding to enforce any lien *against* his property . . . ." Whether or not the district court lacked jurisdiction to dismiss Grandlich and Fisher as parties to the foreclosure suit, an order that could in no way prejudice them, it did have jurisdiction to dismiss their counterclaim. The dismissal of the counterclaim cannot in any way be challenged as being void under Rule 60(b)(4), because the counterclaim was not a proceeding *against* the debtors.

Defendants also argue that the district court's order may be collaterally attacked under Rule 60(b)(6), which authorizes the granting of relief from a final judgment for "any other reason justifying relief . . ." Defendants' dismissal from the foreclosure proceedings operated to dismiss their counterclaim for usurious interest. Rather than appeal their dismissal, however, defendants chose to institute new litigation on the cause of action asserted in the counterclaim. At that point apparently defendants came to the realization that the statute of limitations now bars some of their interest claims, a problem which reinstatement of the earlier counterclaim would avoid. Thus, they argue that the dismissal of the counterclaim was sufficiently prejudicial to justify relief under Rule 60(b)(6).

A motion under Rule 60(b)(6) must be made within a "reasonable time." Aside from the merits, the district court held that the defendants' motion had not been timely filed.

■ A motion to relieve a party from a final judgment, order, or proceeding is directed to the sound discretion of the district court. *Meltzer v. Roof Coatings, Inc.,* 536 F.2d 663 (5th Cir. 1976). The district court did not abuse its discretion in denying defendants' 60(b)(6) motion.

AFFIRMED.