PER CURIAM:
 

 Appellants move this Court to vacate its judgment in
 
 Freeman v. Commissioner,
 
 795 F.2d 83 (5th Cir.1986) (unpublished decision), on the theory that appellate proceedings before this Court were stayed upon the filing by appellants of a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. For the reasons set forth below, we deny appellants’ motion to vacate judgment.
 

 I.
 

 On July 18, 1985, appellants filed a petition in Tax Court for a redetermination of their 1981 federal income tax liability. Because the petition was not timely filed, the tax court dismissed it. A panel of this Court affirmed the dismissal of appellants’ petition. Ten days after the appellants filed a notice of appeal from the tax court’s dismissal of their petition, they filed a Chapter 11 petition. Through the inadver-tance of appellant’s counsel, the bankruptcy filing was not communicated to this Court. Appellants now allege that proceedings before this Court were stayed pursuant to the automatic stay of the Bankruptcy Code. 11 U.S.C. § 362(a)(1) (Supp.III 1985), and that this Court’s af-firmance of the decision of the tax court is therefore void.
 

 II.
 

 The automatic stay provision of the Bankruptcy Code provides:
 

 (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of—
 

 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding
 
 against the debtor
 
 that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
 

 11 U.S.C. § 362(a) (Supp.III 1985) (emphasis added).
 

 Since the appeal from the decision of the Tax Court is obviously the continuation of a judicial proceeding within the meaning of the above section, the only question is whether the proceeding is “against the debtor.” Other courts of appeals that have considered this issue have held that whether a proceeding is against the debtor within the meaning of Section
 
 *1093
 
 362(a)(1) is determined from an examination of the posture of the case at the initial proceeding.
 
 See Cathey v. Johns-Manville Sales Corp.,
 
 711 F.2d 60, 61-62 (6th Cir.1983);
 
 Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.,
 
 682 F.2d 446, 448-49 (3rd Cir.1982). Since appellants initiated proceedings before the Tax Court by filing their petition for a redetermination of their income tax liability, the initial proceeding was initiated by the debtor, not against the debtor. If the initial proceeding is not against the debtor, subsequent appellate proceedings are also not against the debtor within the meaning of the automatic stay provisions of the Bankruptcy Code. Since the prior appellate proceeding before this Court was not against the debtor, it was not stayed pursuant to the automatic stay. Appellants’ motion to vacate judgment is therefore DENIED.