**In re Sam COBB, Debtor.**

**Bankruptcy No. 87–51579–A.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

July 12, 1988.

Raymond W. Battaglia, Oppeheimer, Rosenberg, Kelleher & Wheatley, San Antonio, Tex., for Sam Cobb.

Lawrence A. Beck, Beck & Beck, San Antonio, Tex., for John R. Sholund.

### MEMORANDUM OPINION

R. GLEN AYERS, Jr., Chief Judge.

On the 3rd day of May, 1988, the Court held a hearing on John R. Sholund's Motion to Modify Stay to Continue State Court Suit. After hearing the evidence and argument of counsel and considering the pleadings and briefs filed by the parties, the Court enters this opinion as its findings of fact and conclusions of law.

The facts, while complicated legally, are fairly straightforward. In 1986, John R. Sholund filed a state court suit against Sam Cobb and Cobb & Cox, Inc. Sholund filed a petition under Chapter 11 of the Bankruptcy Code in March 1987. When Sholund filed his petition, his state court counsel withdrew as Sholund's counsel of record in the state court suit. Then, Cobb also filed a Chapter 11 petition in June 1987.

Sholund's original bankruptcy counsel, John Mogford, had filed a Chapter 11 plan in November 1987. Sholund's current counsel alleges that the plan would have dealt with the state court suit. However, Mr. Mogford became seriously ill and Sholund sought to substitute other counsel. The hiring of special counsel to continue the state court suit was approved by an order dated March 10, 1988. New bankruptcy counsel was approved by order on March 14, 1988.

While Sholund was obtaining the new counsel, the state court suit came up on the dismissal docket in state court on March 4, 1988. However, notice was only sent to the previous state court counsel who had withdrawn of record. Because Sholund had no notice of the March 4 hearing, no

appearances were made by him or in his behalf. The state court suit was dismissed by an order of March 4, 1988. On March 14, Sholund's new attorney filed a motion to set aside the dismissal and obtained a hearing for March 18, 1988. Cobb also appeared at the March 18 hearing through counsel who argued the merits of the motion to set aside the dismissal. The state court judge entered an order setting aside the March 4 order on March 18, 1988.

On April 6, 1988, Sholund's bankruptcy counsel filed a motion to lift the automatic stay in Cobb's bankruptcy case. Cobb responded alleging the stay should not be lifted because the order reinstating the state court suit violated the automatic stay and was void. Therefore, Cobb alleges no state court suit exists for which to lift the automatic stay.

The automatic stay does not apply to the co-defendant, Cobb & Cox, Inc. *GATX Aircraft Corp. v. M/V Courtney Leigh,* 768 F.2d 711, 716 (5th Cir.1985). The reinstatement of the state court case against the corporation was a valid order regardless its applicability to Cobb personally. The issues before the Court are whether the March 4 order was a violation of the automatic stay imposed by Sholund's or Cobb's bankruptcy petition; whether the order setting aside the dismissal of the state court suit was a violation of the automatic stay; and, finally, whether the automatic stay should be lifted or annulled to allow the state court suit proceed.

The commencement or continuation of a judicial proceeding against the debtor is stayed by the filing of the petition. 11 U.S.C. § 362(a)(1). Cobb alleges that the March 4 order did not violate the automatic stay because the result was in his favor and to Sholund's detriment. In *Freeman v. C.I.R.,* 799 F.2d 1091 (5th Cir.1986), the Fifth Circuit held that its decision in an appeal brought by the debtor was not stayed by section 362(a) because the appeal, and the lower court suit, had been initiated by the debtor, and the suit was not a suit *against the debtor. Id.* at 1093. While this Court agrees that the proper inquiry is whether the March 4 action violated Cobb's stay, this Court believes that the proper inquiry for determining whether the stay was violated is whether an opposite result would have violated the automatic stay. That is, one must look to the possible outcomes of the hearing and not just the order that was entered to determine whether the stay was violated.

■ The setting on the March 4 dismissal docket is, in essence, a status hearing. The possible outcomes at such a hearing are dismissal of the case or retention of the case on the docket, perhaps with a requirement that some action be taken within a certain period of time. This Court cannot see how the retention of the case, even with a burden on Sholund to act within a reasonable period of time, would violate Cobb's stay. The case would not have moved forward towards a judicial determination of the case, and no action would be required by Cobb. The status quo would not have changed, except perhaps to give Sholund incentive to have the stay lifted to proceed with the suit. By the same token, this Court does not find that the motion to set aside the dismissal violated the automatic stay. The possible outcomes of that motion were denial, i.e. the dismissal would stand, or approval, i.e. the case would be on the state court's docket but would be no closer towards a judicial determination than it was on March 3, 1988. For Sholund to go forward with his suit, he still needed to move to have the stay lifted in Cobb's bankruptcy.

■ As noted above, Cobb appeared through his attorney and contested the motion to set aside in state court. Section 323 states that the trustee is the representative of the estate and has capacity to sue and be sued. 11 U.S.C. § 323. A debtor-in-possession is granted this status. 11 U.S.C. § 1107(a). Bankruptcy Rule 6009 states, in pertinent part, that the debtor-in-possession may appear and defend any action against the debtor without court approval. Since Cobb has exercised his power to defend, the Court makes the alternative conclusion that Cobb, as debtor-in-possession, has waived the stay, at least in so far as the motion to set aside is concerned. While a

debtor cannot waive the automatic stay, *Assoc. of St. Croix Condo Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3rd Cir. 1982), when the debtor-in-possession appears and defends a suit on any basis other than application of the automatic stay, then the debtor-in-possession waives the automatic stay. To hold otherwise would allow a debtor-in-possession to have trump card that he could play if he did not like the outcome of the action, but allowing him take a favorable judgment. Such a one-sided result could hardly have been intended by Congress when it enacted the Bankruptcy Code. As an alternative holding, this Court finds that if the motion to set aside did violate the automatic stay, then Cobb has waived the stay by defending the suit as debtor-in-possession.

This Court is troubled by one other aspect of this case. As set out in the findings of fact, Sholund did not have notice of the March 4 hearing. Any order without prior notice to Sholund violates the due process clause of the Fourteenth Amendment. *See Peralta v. Heights Medical Center, Inc.*, 485 U.S. ——, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). Under Texas procedure, Sholund had two alternatives in which to move to set aside the March 4 order. He could file, as he did, a motion within thirty days after the order was signed, or thereafter by filing a bill of review. Tex.R.Civ. P. 329b(f & g). If this Court had found that the motion to set aside violated the automatic stay, then Sholund still would have the opportunity to have the stay lifted to file a bill of review. The Supreme Court held, in *Peralta*, that a bill of review need only show that the judgment was entered without notice to the affected party for the judgment to violate due process. 485 U.S. at ——, 108 S.Ct. at 900, 99 L.Ed.2d at 82. This Court finds that to require Sholund to expend additional time, trouble and expense to achieve what has already been achieved is inequitable and serves no purpose. If the stay had been violated, the automatic stay would have to be annulled. To do otherwise would allow Cobb, because of his bankruptcy, to gain an advantage resulting from the infringement of Sholund's constitutional rights. The result

that Cobb seeks here, that there is no cause to lift or annul the automatic stay, is constitutionally infirm. When one's constitutional rights are infringed, the righting of the constitutional wrong cannot depend on whether one's opponent has filed a bankruptcy petition.

The Court has concluded that the setting aside of the dismissal did not violate the automatic stay. The Court must determine whether the stay should be lifted to allow the state court suit to go forward against Cobb. The state court suit is obviously a related proceeding under 28 U.S.C. § 1334. If the suit was removed to this Court, abstention would probably be mandatory under 1334(c)(2). Cobb has not opposed the motion on any ground other than that the state court suit no longer exists as to Cobb. The burden of proof is set in section 362(g), which states:

> "In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> (1) the party requesting subh relief has the burden of proof on the issue of the debtor's equity in property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues."
> 11 U.S.C. § 362(g).

Cobb has the burden to show why the stay should not be lifted. Cobb has provided no evidence or authority to meet his burden of proof. The Court concludes that the automatic stay should be lifted to allow the state court suit to proceed. No party shall cause execution to issue against Sam Cobb, individually, until further order of this Court. An appropriate order will be entered.