873 F.2d 1450
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WHISTLER CORPORATION, Plaintiff-Appellee,
v.
AUTOTRONICS, INC., James David Koncak, Microwave Systems,
Inc. and Controlled Energy Systems, Inc.,
Defendant-Appellant.
 No. 88-1619.
 United States Court of Appeals, Federal Circuit.
 Dec. 19, 1988.
 
 Before BISSELL, Circuit Judge.
 
 ORDER
 
 1
 Microwave Systems, Inc. (MSI) moves to stay the proceedings in view of its filing for relief under the Bankruptcy Code. The other defendants-appellants, Autotronics, Inc., James David Koncak, and Controlled Energy Systems, Inc., which have also filed for bankruptcy, join in the motion. Whistler Corporation opposes the motion for stay.*
 
 
 2
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 3
 In lieu of a prolonged stay, the Clerk is directed to dismiss this appeal without prejudice to the right of any appellant to request that the proceeding be reopened within 30 days of the act or event that would allow the appellant to proceed.
 
 
 
 *
 In its opposition, Whistler argues that the automatic stay provision of the Bankruptcy Code precluding continuation of a judicial proceeding "against a debtor" does not apply to a debtor "in an offensive posture," i.e., an appellant. Whistler cites Freeman v. Commissioner of Internal Revenue, 799 F.2d 1091 (5th Cir.1981) for the proposition that "[t]he law is absolutely clear that an appeal filed by an appellant (debtor) is not a proceeding 'against a debtor.' " Freeman, however, does not stand for that proposition. Rather, Freeman holds that "whether a proceeding is against a debtor within the meaning of Section 362(a)(1) is determined from an examination of the posture of the case at the initial proceeding." Freeman, 799 F.2d at 1093. Accord Cathey v. Johns-Manville Sales Corp., 711 F.2d 60, 62 (6th Cir.1983) (where debtor-appellant was defendant in initial proceeding, automatic stay applied). Here, appellants were defendants in the initial district court proceeding