**In re VOLUNTARY PURCHASING GROUPS, INC., Debtor.**

**Bankruptcy No. 96–31549.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Dec. 19, 1996.

James Patrick Kelley, Ireland, Carroll, & Kelley, Tyler, TX, for Voluntary Purchasing Groups, Inc.

### OPINION

DONALD R. SHARP, Chief Judge.

NOW before the court for consideration is the Motion of Voluntary Purchasing Groups, Inc. ("VPG") for Limited Modification of the Automatic Stay Pursuant to 11 U.S.C. § 362(d). This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr. Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

1. On June 10, 1996, VPG filed its voluntary petition for relief under Chapter 11 of the Bankruptcy code.

2. At the time of the filing of the bankruptcy proceeding, VPG was a defendant and counter-plaintiff in a suit styled and numbered *Southern Pacific Transportation Company, and St. Louis Southwestern Railway Company v. Voluntary Purchasing Groups, Inc., et al., Civil Action No. 3–94–CV2477–H,* pending before the United States District Court for Northern District of Texas, Dallas Division (the "CERCLA Suit"). In the "CERCLA Suit" the Railroads are seeking from VPG and others, inter alia, "clean up and response costs in excess of Southern Pacific's and S.S.W.'s equitable shares as a result of releases or threatened releases of hazardous substances.." at the designated sites. VPG filed counterclaims seeking similar relief against Southern Pacific Transportation ("SP") and St. Louis Southwestern Railway Company ("SSW") and other parties.

3. Prior to the filing of the Chapter 11 Petition, VPG had filed in the CERCLA suit a Motion for Partial Summary Judgment, seeking a determination of liability on the part of S.S.W. Because of the subsequent Chapter 11 filing, any further actions in that case, including S.S.W.'s responding to VPG's Motion for Partial Summary Judgment, were stayed by an Order from the Honorable Barefoot Sanders, United States District Judge for the Northern District of Texas, suspending any activity until this Bankruptcy Court ruled with respect to the stay.

4. In response to the Honorable Barefoot Sanders' Order, VPG filed a Motion for Limited Modification of the Automatic Stay. SSW then followed with their objection to the Motion for Limited Modification of the Automatic Stay.

### DISCUSSION OF LAW

The issue before this court is whether VPG's Motion for Summary Judgment is the continuation of a judicial proceeding "against the debtor" under § 362(a), and thus subject

to the automatic stay? In this action, VPG is seeking limited modification of the automatic stay in order to pursue a summary judgment motion in the context of a CERCLA suit. Section 362 is the automatic stay provision of the Code. It states that the commencement or continuation of a judicial proceeding against the debtor is stayed upon the debtor's filing of a petition for bankruptcy. 11 U.S.C. § 362(a)(1).

SSW argues that VPG may not have the stay modified to pursue their CERCLA action, which includes their Motion for Summary Judgment. SSW contends that judicial proceedings "against the debtor" are stayed. *Freeman v. CIR*, 799 F.2d 1091, 1092 (5th Cir.1986). They argue that this action is against the debtor within the meaning of § 362(a)(1) since it is determined from an examination of the posture of the case at the initial proceeding. *Id.* In this case the suit was originally filed against VPG, the debtor, and thus any subsequent proceedings in this case are stayed pursuant to the automatic stay.

SSW is misapplying the law stated in *Freeman*. First, the court in *Freeman* was discussing whether debtor's continuation of an appellate proceeding was proper under section 362. The court in *Freeman* stated that section 362 should stay all appeals in proceedings that were originally filed against the debtor, regardless of which party was appealing. It may seem that the same rationale should apply when the debtor is seeking relief from the automatic stay to pursue a summary judgment motion in district court, however the Fifth Circuit has already considered this issue and ruled otherwise. *In the Matter of U.S. Abatement Corp.*, 39 F.3d 563, 568 (5th Cir.1994).

In *U.S. Abatement Corp.*, the court stated that "the automatic stay of the Bankruptcy Code extends only to actions against the debtor ... we have previously held that counterclaims asserted by a debtor are not actions "against the debtor" which are subject to the automatic stay." *Id. See First Wis. Nat'l Bank of Milwaukee v. Grandlich Dev. Corp.*, 565 F.2d 879, 880 (5th Cir.1978). The court went on to state that if a debtor's offensive claims are not subject to the auto-matic stay, then a creditor's motion to seek summary judgment on the same motion is not subject to the automatic stay. *Id.*

Therefore, this Court holds that the automatic stay provision of § 362 does not apply to VPG's motion for Summary Judgment filed in Federal District Court and VPG can pursue its Summary Judgment motion without having to be granted relief from the automatic stay.

At the hearing on this matter, the attorneys for SSW asked the Court to fashion a remedy, if the stay was lifted, to allow it the latitude to properly defend the case. This Court would not presume to attempt to dictate any procedures to be followed in the district court. This Court has no authority to do so and there is no necessity to do so since that Court is perfectly capable of controlling the litigation between these parties so as to be fair to all litigants. Accordingly, this Court can do no more than rule that to the extent the automatic stay is an impediment to VPG's continuation with its Motion for Summary Judgment the automatic stay is modified. Obviously, any judgments that ultimately result as a result of any of this litigation are claims that will have to be brought back to the bankruptcy court for liquidation.