TJOFLAT, Circuit Judge:
 

 Petitioners John W. Roberts (“Roberts”) and Cheryl W. Roberts appeal from a decision of the United States Tax Court finding them liable for certain deficiencies in and additions to tax as determined by the Commissioner. The Commissioner has filed a motion to dismiss this appeal for lack of jurisdiction on the ground that the petitioners’ notice of appeal was untimely. We hold that sections 362(a)(1), 362(a)(8), and 108 of the Bankruptcy Code neither stayed nor sufficiently extended the petitioners’ time to appeal the Tax Court’s decision. Accordingly, we find that their notice of appeal was untimely and grant the Commissioner’s motion.
 

 I.
 

 This case stems from an Internal Revenue Service (“IRS”) investigation into the petitioners’ individual and business finances for the tax years 1979-1984. In part, the business aspect of the investigation concerned two corporations: Alcovy Wood Products, Inc. (“AWP”), of which Roberts was president and a 50 percent shareholder, and Alcovy Properties, Inc. (“API”), which was wholly owned by Roberts. One result of the investigation was a twelve-count indictment against Roberts for the crimes of attempted tax evasion and willfully filing false tax returns.
 
 See
 
 26 U.S.C. §§ 7201, 7206(1) (1994). Roberts pled guilty to one count of each crime in January 1989.
 

 A second result was the Commissioner’s issuance of notices of deficiency to AWP, API, and the petitioners in August 1990. In the petitioners’ notice, which pertained to their joint tax returns for the years 1979-1984, the Commissioner determined that they were liable for deficiencies and for accuracy-related additions to tax under 26 U.S.C. § 6661; a substantial portion of this liability was attributable to Roberts’ unauthorized use of AWP funds for his personal benefit. This notice also stated that Roberts was liable for fraud penalties under 26 U.S.C. § 6653(b)(1) for the years 1982-84.
 
 [1]
 
 AWP, API, and the petitioners each filed a timely petition with the Tax Court on October 29, 1990, requesting a redetermination of the deficiencies and penalties.
 
 See
 
 26 U.S.C. § 6213 (1994). The cases were consolidated for trial.
 

 The Tax Court entered decisions for the Commissioner in the three consolidated cases on March 23, 1993.
 
 See Roberts v. Commissioner,
 
 65 T.C.M. (CCH) 2121 (1993). Unbeknownst to the court and the Commissioner, however, the petitioners had filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C.) on March 1, 1993. The Commissioner did not discover the existence of the bankruptcy petition until July 13, 1993. On July 15, the Commissioner filed a motion under Tax Court Rule 162 to vacate the Tax Court’s decision in the petitioners’ case on the ground that it had been entered in violation of the automatic stay provision of the Bankruptcy Code.
 
 See
 
 11 U.S.C. § 362(a)(8) (1994). On July 19, the court vacated its decision and noted that further proceedings in the case automatically were stayed. The Commissioner then sought and received an order from the Bankruptcy Court that lifted the automatic stay. This order, entered on September 29, 1993, lifted the stay “for the limited purpose of proceeding with the case filed by the debtors in the Tax Court, [and modified the stay] to permit the as
 
 *892
 
 sessment, but not collection, of any liability determined by the Tax Court.” After receiving notice of this order from the Commissioner, the Tax Court reentered its decision on October 27,1993.
 

 The Bankruptcy Court dismissed the petitioners’ bankruptcy petition on November 10, 1993, but they filed another Chapter 11 petition on December 30, 1993. On March 7, 1994, AWP, API, and the petitioners filed notices of appeal to this court from the decisions of the Tax Court. In an unpublished opinion filed on December 28, 1995, a panel of this court dismissed those appeals.
 
 See Roberts v. Commissioner,
 
 No. 94-8283 (11th Cir. Dec. 28, 1995) (per curiam). With regard to the petitioners’ appeal,
 
 [2]
 
 the panel stated:
 

 Under the [Commissioner’s] characterization of this case, we lack jurisdiction because the notice of appeal was not timely filed. Under [the Robertses’] characterization of the case, we lack jurisdiction because the notice of appeal was ineffective due to the automatic stay related to bankruptcy. We agree that it is clear that, at this time, we lack jurisdiction; thus, we dismiss this appeal. We specifically decline to decide whether a notice of appeal filed after the automatic stay is lifted would be timely filed for the parties in bankruptcy.
 

 In an effort to remedy this lack of jurisdiction, the petitioners filed a motion in the Bankruptcy Court to lift the automatic stay. The court granted their motion on April 22, 1996. The court’s order stated: “to the extent that the automatic stay provisions of 11 U.S.C. § 362 apply to the Debtors pursuing an appeal of a final decision from the United States Tax Court, said stay is lifted.” On May 3, 1996, the petitioners filed a second notice of appeal to this court from the decision of the Tax Court in their case. It is this notice of appeal that is presently before us.
 

 II.
 

 In considering the Commissioner’s motion to dismiss the petitioners’ appeal for lack of jurisdiction, we begin with the proposition that courts of appeals have exclusive jurisdiction to review decisions of the Tax Court pursuant to section 7482 of the Internal Revenue Code (26 U.S.C.). In order to obtain appellate review, however, a party to a decision of the Tax Court must file “a notice of appeal with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered.” 26 U.S.C. § 7483 (1994). With certain exceptions not relevant here, the decision of the Tax Court becomes final if no notice of appeal is filed within this 90-day period.
 
 [3]
 
 
 *893
 

 See
 
 26 U.S.C. § 7481(a)(1) (1994). In this case, the Tax Court reentered its decision on October 27, 1993, and the petitioners filed the present notice of appeal on May 3, 1996. Unless the 90-day period for filing a notice of appeal was either stayed or sufficiently extended, therefore, the petitioners’ appeal was untimely and we must dismiss it for lack of jurisdiction. The Commissioner contends that sections 362(a)(1), 362(a)(8), and 108 of the Bankruptcy Code neither stayed nor sufficiently extended the 90-day period in order to render the petitioners’ appeal timely. We agree.
 

 A.
 

 Section 362(a)(1) of the Bankruptcy Code provides, in pertinent part, that the filing of a bankruptcy petition “operates as a stay, applicable to all entities, of ... the commencement or continuation ... of a judicial, administrative, or other action or proceeding [i] against the debtor ..., or [ii] to recover a claim against the debtor....” 11 U.S.C. § 362(a)(1) (1994). The petitioners, relying on the Ninth Circuit’s opinion in
 
 Delpit v. Commissioner,
 
 18 F.3d 768 (9th Cir.1994), contend that both the Tax Court’s consideration of their petition for redetermination and their appeal from the Tax Court’s decision were merely continuations of the administrative income tax assessment proceedings that the Commissioner had commenced against them. As a result, they argue, the filing of their December 1993 bankruptcy petition operated to stay the continuation of these administrative proceedings — i.e., to stay the running of the 90-day period for filing a notice of appeal from the Tax Court’s decision — pursuant to both clauses of section 362(a)(1). The Commissioner, relying in part on
 
 Freeman v. Commissioner,
 
 799 F.2d 1091 (5th Cir.1986), contends that section 362(a)(1) did not apply because the petitioners commenced a judicial proceeding against him when they filed their petition for redetermination in the Tax Court — a court that had no jurisdiction to assist him in recovering any claim against the petitioners. In evaluating these contentions, we consider each clause of section 362(a)(1) separately.
 

 1.
 

 The answer to the question of whether a proceeding before the Tax Court (as well as any appeal therefrom) constitutes a proceeding “against the debtor” under the first clause of section 362(a)(1) largely depends on whether the filing of a petition for redetermination with the Tax Court is viewed as the continuation of an administrative proceeding or the commencement of a judicial one. The
 
 Delpit
 
 and
 
 Freeman
 
 cases have taken opposing views on this question. Both cases involved petitioners who filed for bankruptcy after appealing
 
 *894
 
 from a decision of the Tax Court; these petitioners argued that section 362(a)(1) automatically stayed their appeals. In
 
 Freeman,
 
 799 F.2d at 1092, the Fifth Circuit began its analysis with the proposition that an appeal from a decision of the Tax Court is the continuation of a judicial proceeding. In order to determine whether that appeal was a proceeding “against the debtor,” the court examined the initial posture of the case.
 
 [4]
 
 It found that the appellants had initiated the judicial proceeding by filing their petition with the Tax Court. Accordingly, neither the Tax Court proceeding nor the petitioners’ appeal therefrom was a proceeding “against the debt- or” and section 362(a)(1) did not apply.
 
 See id.
 
 at 1093. In
 
 Delpit,
 
 on the other hand, the Ninth Circuit concluded that a proceeding before the Tax Court and an appeal therefrom constituted continuations of the “comprehensive income tax assessment procedure ... which is initiated by IRS administrative proceedings ‘against’ the taxpayer.”
 
 Delpit,
 
 18 F.3d at 770. It therefore held that section 362(a)(1) stayed the petitioners’ appeal.
 

 We reject the Ninth Circuit’s characterization of a Tax Court proceeding as a mere continuation of IRS administrative proceedings against the taxpayer. In light of Supreme Court and Eleventh Circuit precedent, it is clear that a Tax Court case is properly to be characterized as an independent judicial proceeding.
 
 [5]
 

 See Freytag v. Commissioner,
 
 501 U.S. 868, 890-91, 111 S.Ct. 2631, 2645, 115 L.Ed.2d 764 (1991) (“The Tax Court exercises judicial, rather than executive, legislative, or administrative, power.”);
 
 Gatlin v. Commissioner,
 
 754 F.2d 921, 923 (11th Cir.1985)
 
 *895
 
 (“ ‘[A] trial before the Tax Court is a proceeding de novo; our determination of a petitioner’s tax liability must be based on the merits of the case and not any previous record developed at the administrative level.’ ” (quoting
 
 Conforte v. Commissioner,
 
 74 T.C. 1160, 1177, 1980 WL 4483 (1980))). We hold, therefore, that the filing of the Robertses’ petition for redetermination commenced a judicial proceeding in the Tax Court.
 

 As to whether this judicial proceeding was “against the debtor” within the meaning of the first clause of section 362(a)(1), we conclude that it was not. Given that the petitioners themselves initiated the proceeding by filing their petition for rede-termination with the Tax Court pursuant to 26 U.S.C. § 6213, it would be difficult to reach any other conclusion. According to the
 
 Delpit
 
 court, however, “[t]he mere fact that a debtor ‘initiates’ an action in Tax Court is not dispositive; we must examine the proceedings as a whole to determine whether they are in fact initiated ‘against the debtor.’ ”
 
 Delpit,
 
 18 F.3d at 773. In our view, an examination of the Tax Court judicial proceeding as a whole yields no support for a contrary conclusion.
 

 In fact, if we concluded that the Tax Court proceeding was a proceeding against the Robertses, we would create a fundamental and unwarranted inconsistency in the way that section 362 applies to tax-related judicial proceedings. This risk of inconsistency stems from Congress’ decision to provide two paths that a taxpayer may follow for the purpose of obtaining a judicial determination of his tax liability: (1) petition the Tax Court for redetermination of a tax deficiency asserted by the Commissioner; or (2) pay the deficiency, file a claim for refund or credit with the Commissioner, and then (if the claim is unsuccessful) file a tax refund suit against the United States in either the district court or the Claims Court.
 
 See
 
 26 U.S.C. §§ 6213(a) (1994) (path one); 26 U.S.C. §§ 6532(a), 7422(a), 28 U.S.C. § 1346(a)(1) (1994) (path two);
 
 see also Flora v. United States,
 
 362 U.S. 145, 158-59, 80 S.Ct. 630, 637-38, 4 L.Ed.2d 623 (1960) (discussing Congressional rationale for providing two ways of securing judicial determination of questions involved in tax disputes). A tax refund suit is not an action “against the debtor”—even in the Ninth Circuit.
 
 See Valory v. United States,
 
 97-2 U.S. Tax Cas. (CCH) ¶ 50,805 (N.D.Cal.1997),
 
 aff'd mem.,
 
 98-2 U.S. Tax Cas. (CCH) ¶ 50,659 (9th Cir.1998) (finding 11 U.S.C. § 108(c) inapplicable to refund suit because it applies only to actions against the debtor). Because tax refund suits and Tax Court petitions share a common purpose, we see no logical reason why a taxpayer’s election to proceed in Tax Court rather than district court should affect a court’s determination of whether the proceeding is “against the debtor” under the first clause of section 362(a)(1). We therefore find that the Tax Court proceeding below was not a proceeding “against” the petitioners. Consequently, the first clause of section 362(a)(1) did not apply to that proceeding.
 

 2.
 

 The petitioners also argue that their Tax Court ease was a proceeding “to recover a claim against the debtor” under the second clause of section 362(a)(1). They direct our attention to
 
 Delpit,
 
 which concluded — in a relatively analysis-free paragraph — that an appeal from a Tax Court decision was a continuation of an administrative audit proceeding initiated by the IRS in order to recover an alleged tax deficiency from the taxpayers.
 
 See Delpit,
 
 18 F.3d at 770-71. We disagree with this conclusion. As we indicated in part II.A.1, a Tax Court case is not a continuation of an administrative proceeding — it is an independent judicial proceeding.
 
 [6]
 
 Furthermore, it is well-established
 
 *896
 
 that the Tax Court is a court of strictly limited jurisdiction and powers.
 
 [7]
 
 Although it is empowered to enjoin the collection of a deficiency in certain limited circumstances,
 
 see
 
 26 U.S.C. § 6213(a) (1994), the Tax Court possesses no statutory authority to issue orders in aid of IRS collection activities.
 
 See
 
 14 Jacob Mertens, Jr.,
 
 The Law of Federal Income Taxation
 
 § 49E.46 at 145 n. 58 (1998 rev. ed.) (“A proceeding in the Tax Court is, of course, not a suit for the collection of taxes, but a proceeding for the review of the Commissioner’s action in determining a deficiency.”). Instead, the Government must bring a suit for collection of tax in federal district court (or perhaps in state court) if it wants judicial assistance in recovering a tax deficiency.
 
 See
 
 26 U.S.C. § 7402(a) (1994); 28 U.S.C. § 1340 (1994);
 
 Taylor v. United States,
 
 324 Mass. 639, 88 N.E.2d 121, 124-25 (1949) (collection in state court);
 
 cf.
 
 4 Laurence F. Casey,
 
 Federal Tax Practice
 
 § 13.57 (1993) (discussing different types of suits for collection of tax). Thus, a Tax Court case plainly cannot be characterized as a proceeding “to recover a claim against the debtor.”
 

 In sum, we hold that the Tax Court proceeding regarding the Robertses’ petition for redetermination was neither a proceeding “against the debtor” nor a proceeding “to recover a claim against the debtor” within the meaning of section 362(a)(1). Accordingly, section 362(a)(1) did not operate to stay the 90-day period for filing a notice of appeal from the Tax Court’s decision.
 

 B.
 

 Under section 362(a)(8) of the Bankruptcy Code, the filing of a bankruptcy petition automatically stays “the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.” 11 U.S.C. § 362(a)(8) (1994).
 
 [8]
 
 Appeals from decisions of the Tax Court are not stayed by this provision.
 
 See Cheng v. Commissioner,
 
 938 F.2d 141, 143 (9th Cir.1991).
 
 [9]
 
 The petitioners argue, however, that their October 1990 petition for redetermination was still before the Tax Court when they filed their second bankruptcy petition on December 30, 1993 — fewer than 90 days after the Tax Court reentered its decision on October 27. As a result, they claim, the filing of their second petition automatically stayed the
 
 *897
 
 continuation of the 90-day period for filing a notice of appeal.
 

 The petitioners are correct in part. Section 7481(a)(1) of the Internal Revenue Code states that “the decision of the Tax Court shall become final ... [u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time.” 26 U.S.C. § 7481(a)(1) (1994). The unmistakable implication of this section is that the Tax Court, after entering its decision, retains jurisdiction over a petition for redetermi-nation until a notice of appeal is filed or the 90-day time period allowed for filing such a notice expires. In this jurisdictional sense, then, the Robertses’ petition for redetermination was still before the Tax Court when they filed their second bankruptcy petition on December 30.
 

 We disagree, however, with the petitioners’ further claim that their December 30 bankruptcy filing automatically stayed the continuation of the 90-day period for filing a notice of appeal. Although their petition was still
 
 before the Tax Court
 
 on December 30, we conclude that the
 
 proceeding
 
 before the Tax Court concerning their petition terminated when the Tax Court reentered its decision on October 27. This conclusion finds support in the common-sense principle that a judicial “proceeding” within the meaning of section 362(a) ends once a decision on the merits has been rendered; ministerial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement— such as the running of the 90-day period for filing a notice of appeal and the resulting finality of the Tax Court’s decision — do not constitute continuations of such a proceeding.
 
 See Production Credit Ass’n of Minot v. Burk,
 
 427 N.W.2d 108, 110 (N.D.1988) (holding that 11 U.S.C. § 108(b), rather than 11 U.S.C. § 362(a), governed the running of a statutory time period for filing a notice of appeal);
 
 Bell v. Alden Owners, Inc.,
 
 199 B.R. 451, 460-62 (S.D.N.Y.1996) (same);
 
 see also Soares v. Brockton Credit Union (In re
 
 Soares), 107 F.3d 969, 973-74 (1st Cir.1997) (concluding that ministerial acts are not stayed);
 
 Rexnord Holdings, Inc. v. Bidermann,
 
 21 F.3d 522, 527-28 (2d Cir.1994) (same);
 
 cf. Johnson v. First Nat’l Bank of Montevideo,
 
 719 F.2d 270, 276 (8th Cir.1983) (“Although a stay [of the mortgagor’s statutory redemption period] would be consistent with [the broad purposes of the automatic stay], we are of the view that § 362(a) cannot be read to stay the mere running of a statutory time period.”);
 
 Trigg v. United States (In re
 
 Trigg), 630 F.2d 1370, 1373 (10th Cir.1980) (concluding that automatic termination of lease following debtor’s nonpayment of rent was not a proceeding that could be automatically stayed under the Bankruptcy Act of 1898). Because there was no continuing proceeding before the Tax Court concerning the petitioners on December 30, no automatic stay could have arisen on that date pursuant to section 362(a)(8).
 

 C.
 

 Section 108 of the Bankruptcy Code extends the time period within which a bankruptcy trustee or debtor in posses-sion
 
 [10]
 
 may take certain actions under “applicable nonbankruptcy law.” 11 U.S.C. § 108 (1994). Despite the petitioners’ claims to the contrary at oral argument,
 
 [11]
 
 
 *898
 
 we conclude that section 108 did not sufficiently extend the applicable 90-day period for appealing the decision of the Tax Court in order to render their notice of appeal timely.
 

 As an initial matter, it is clear that subsections (a) and (c) of section 108 did not even apply to this 90-day period. Subsection (a) applies to time periods “within which the debtor may commence an action.” 11 U.S.C. § 108(a). Plainly, the filing of a notice of appeal does not constitute the commencement of an action. Subsection (c) deals with time periods “for commencing or continuing a civil action ... on a claim against the debtor.” 11 U.S.C. § 108(c). The Tax Court proceeding below, however, was not a proceeding “against” the petitioners.
 
 See supra
 
 part 11.A.1.
 

 Subsection (b),
 
 [12]
 
 on the other hand, has been applied to extend time periods that govern the filing of notices of appeal.
 
 See
 
 11 U.S.C. § 108(b);
 
 Autoskill, Inc. v. National Educ. Support Sys., Inc.,
 
 994 F.2d 1476, 1484 (10th Cir.1993). Unfortunately for the petitioners, the extension allowed by that subsection in this case was insufficient to render their notice of appeal timely. The 90-day period for filing a notice of appeal began to run on October 27, 1993 (the date that the Tax Court reentered its decision) and ended on January 25, 1994. Section 108(b)(2) extended the filing deadline to February 28, 1994 — sixty days after the petitioners filed their second bankruptcy petition on December 30, 1993.
 
 See
 
 11 U.S.C. § 301 (1994). The petitioners, however, did
 
 not
 
 file their notice of appeal until May 3, 1996. Their notice was therefore untimely and we must dismiss this appeal.
 

 III.
 

 For the foregoing reasons, the Commissioner’s motion to dismiss the petitioners’ appeal is GRANTED.
 

 [1]
 

 . The accuracy-related and fraud penalties were restructured for tax returns filed after 1989. These penalties now appear in 26 U.S.C. §§ 6662-6663 (1994).
 

 [2]
 

 . Apparently, the panel did not separately address the notices of appeal filed by AWP and API. We need not concern ourselves with this omission, however, because the notice of appeal presently before us relates only to the Robertses’ case.
 

 [3]
 

 . We note that a motion to vacate or revise the Tax Court’s decision, if timely filed pursuant to the Rules of Practice of the Tax Court, may affect the computation of the 90-day period.
 
 See
 
 Fed. R.App. P. 13(a). Tax Court Rule 162 provides that such a motion “shall be filed within 30 days after the decision has been entered, unless the Court shall otherwise permit.” There is some disagreement regarding the circumstances in which the Tax Court actually has jurisdiction to permit a party to file such a motion after the 90-day period for filing a notice of appeal has expired — that is, after its decision has become final.
 
 See Wilson v. Commissioner,
 
 474 F.2d 600, 602 (5th Cir.1973) (holding that March 1972 notice of appeal was timely filed pursuant to Fed.R.App. P. 13(a) where Tax Court entered decision in November 1970 and denied on the merits a motion to vacate in February 1972).
 
 But see Lasky v. Commissioner,
 
 235 F.2d 97, 98, 100 (9th Cir.1956), aff
 
 'd,
 
 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598 (1957) (per curiam) (holding that Tax Court lacked jurisdiction to vacate first decision after it had become final and that notice of appeal filed within 90 days after Tax Court entered second decision was not timely filed);
 
 cf., e.g., Arkansas Oil & Gas, Inc. v. Commissioner,
 
 114 F.3d 795, 798 (8th Cir.1997) ("Absent extraordinary circumstances, the tax court lacks jurisdiction to revise or modify its decisions that have become final.”);
 
 Harbold v. Commissioner,
 
 51 F.3d 618, 621-22 (6th Cir.1995) (same);
 
 Billingsley v. Commissioner,
 
 868 F.2d 1081, 1084-85 (9th Cir.1989) (stating that the Tax Court generally does not have jurisdiction
 
 *893
 
 to consider a motion to vacate once its decision has become final, but that it may do so on the ground that fraud was perpetrated on the court or that the court lacked jurisdiction to enter the decision);
 
 La Floridienne J. Buttgenbach & Co. v. Commissioner,
 
 63 F.2d 630, 631 (5th Cir.1933) (espousing much criticized view that Board of Tax Appeals had jurisdiction to vacate final order that was entered on basis of stipulation by parties where stipulation was based on mutual mistake of fact).
 

 In this case, more than 90 days passed between the entry of the Tax Court’s March 1993 decision and the filing of the Commissioner’s motion to vacate that decision on the ground that it had been entered in violation of the automatic stay. We need not resolve the disagreement just discussed, however, in order to conclude that the Tax Court acted properly when it considered and granted the Commissioner’s motion. Because ''[ajctions taken in violation of the automatic stay are void and without effect,”
 
 Borg-Warner Acceptance Corp.
 
 v.
 
 Hall,
 
 685 F.2d 1306, 1308 (11th Cir.1982), the Tax Court’s March 1993 “decision” never became final. The court's
 
 pro forma
 
 action in vacating that decision was merely an acknowledgement that the decision itself was void
 
 ab initio.
 

 In light of this conclusion, it is plain that the 90-day period within which the petitioners were required to file a notice of appeal never began to run until the Tax Court reentered its decision on October 27, 1993. We therefore use this October date in order to determine whether the petitioners’ appeal was timely.
 

 [4]
 

 . We note that there is disagreement among the circuits regarding whether a court should look to the initial posture of a proceeding or to its posture on appeal in order to determine whether the appeal is a proceeding "against the debtor” that is stayed by section 362(a)(1).
 
 Compare Parker v. Bain,
 
 68 F.3d 1131, 1135-36 (9th Cir.1995) (citing cases that look to initial posture),
 
 with Chaussee v. Lyngholm (In re Lyngholm),
 
 24 F.3d 89, 91-92 (10th Cir.1994) (looking to posture on appeal);
 
 cf. Ellison v. Northwest Eng’g Co.,
 
 707 F.2d 1310, 1311 (11th Cir.1983) (finding that appeal automatically was stayed under section 362(a)(1) where defendant-appellee filed bankruptcy petition after oral argument, but not indicating whether courts should look to initial posture or to posture on appeal). We need not address this disagreement here, however, because the petitioners do not claim that their appeal was stayed. They argue only that the 90-day period for filing a notice of appeal from the Tax Court's decision was stayed. Accordingly, we focus on the posture of the proceeding before the Tax Court in order to determine whether section 362(a)(1) applied.
 

 [5]
 

 . We recognize that the chronology of a Tax Court case both informs and is informed by-the occurrence of certain IRS administrative acts.
 
 See
 
 26 U.S.C. §§ 6213 (allowing taxpayer to file petition for redetermination with Tax Court within 90 days after notice of deficiency is mailed), 6215 (deferring assessment of deficiency in cases where taxpayer files petition until after Tax Court decision has become final) (1994). This temporal interrelationship does not mean, however, that a Tax Court case is actually part of a cohesive series of IRS administrative acts that constitute an "administrative proceeding” within the meaning of section 362(a)(1). In fact, other courts and commentators have concluded that certain acts identified in
 
 Delpit
 
 as components of this alleged IRS "administrative proceeding” are not stayed by section 362.
 
 See Delpit,
 
 18 F.3d at 770 (finding that Tax Court case and appeal therefrom are continuations of administrative proceeding that includes audit, meeting with revenue agent and supervisor, preliminary notice, proceeding before IRS Appeals Division, and notice of deficiency).
 
 But see, e.g., H & H Beverage Distribs. v. Department of Revenue,
 
 850 F.2d 165, 167 (3d Cir.1988) (section 362(a) does not bar audit);
 
 In re Moore,
 
 131 B.R. 893, 894 (Bankr.S.D.Fla.1991) (section 362(a) "does not operate to stay actions to determine the income tax liability of a bankrupt debtor”);
 
 In re Ungar,
 
 104 B.R. 517, 520 (Bankr.N.D.Ga.1989) ("post-petition tax audits and assessments do not violate the stay”); 15
 
 Collier on Bankruptcy
 
 ¶ TX 5.06[2], at TX 5-52 (Lawrence P. King ed., 15th rev. ed.1998) (section 362(a)(1) does not bar institution or continuation of audit);
 
 cf.
 
 Bankruptcy Reform Act of 1994, Pub.L. No. 103-394, § 116, 108 Stat. 4106, 4119 (1994) (amending 11 U.S.C. § 362(b)(9) to exempt audits, demands for tax returns, and assessments from the automatic stay of section 362(a) in bankruptcy cases commenced after October 21, 1994).
 

 [6]
 

 . Even if we agreed with the
 
 Delpit
 
 court's characterization of a Tax Court case as the continuation of an administrative audit proceeding, we still would be compelled to reject its conclusion that the audit was initiated in order to recover an alleged tax deficiency.
 
 *896
 
 An IRS audit is conducted in order to establish whether a deficiency in fact exists; it is only after a deficiency has been discovered and assessed that the IRS initiates an administrative collection process in order to recover that deficiency.
 
 See
 
 26 U.S.C. §§ 6201(a), 6212-6215, 6301-6305 (1994).
 

 [7]
 

 . See Commissioner v. McCoy,
 
 484 U.S. 3, 7, 108 S.Ct. 217, 219, 98 L.Ed.2d 2 (1987) ("The Tax Court is a court of limited jurisdiction and lacks general equitable powers.”);
 
 Kelley v. Commissioner,
 
 45 F.3d 348, 351 (9th Cir.1995) ("The gist of these decisions may be summarized as holding ... that the Tax Court is a court of strictly limited jurisdiction and cannot assert equitable powers in any way that could be construed as extending its jurisdiction.”);
 
 Louisville Builders Supply Co. v. Commissioner,
 
 294 F.2d 333, 339 (6th Cir.1961) (concluding that Tax Court’s powers are limited to those given by specific acts of Congress and by Tax Court rules adopted pursuant to congressional authorization plus such powers as may inhere in it as a quasi-judicial body).
 

 [8]
 

 . We are aware that the National Bankruptcy Review Commission has recommended that section 362(a)(8) "be clarified by permitting the appeal of tax court decisions without violating the automatic stay.”
 
 Report of the National Bankruptcy Review Commission
 
 § 4.2.9 (Oct. 20, 1997). As of this writing, however, the Commission’s recommendation has not been enacted into law.
 

 [9]
 

 . Although we agree with
 
 Cheng's
 
 holding that section 362(a)(8) does not apply to appeals "following the termination of proceedings in the Tax Court,” we disagree with its claim that a Tax Court proceeding is "concluded with the filing of a final judgment.”
 
 Cheng,
 
 938 F.2d at 143. The Tax Court does not file a final judgment — it enters a decision that becomes final only after the 90-day period for filing a notice of appeal has expired.
 
 See
 
 26 U.S.C. §§ 7481(a)(1), 7483 (1994). As we discuss below, it is the entry of this decision that terminates a Tax Court proceeding.
 

 [10]
 

 .
 
 See
 
 11 U.S.C. § 1107(a) (1994);
 
 Autoskill, Inc. v. National Educ. Support Sys., Inc.,
 
 994 F.2d 1476, 1484 n. 4 (10th Cir.1993) (noting that while section 108 only mentions trustees, it also applies to debtors in possession).
 

 [11]
 

 . In a memorandum supporting his motion to dismiss, the Commissioner argued that section 108 did not render the petitioners’ notice of appeal timely. The petitioners failed to mention section 108 in their opposing memorandum, but their counsel did advocate the application of section 108 at oral argument. Although we normally do not address issues raised for the first time at oral argument, we make an exception in situations such as this where the existence of our jurisdiction is in doubt.
 
 Cf. Ingram v. CSX Transp., Inc.,
 
 146 F.3d 858, 861 (11th Cir.1998) (considering whether district court had subject matter jur
 
 *898
 
 isdiction even though that issue was raised for first time at oral argument).
 

 [12]
 

 . This subsection provides:
 

 [I]f applicable nonbankruptcy law ... fixes a period within which the debtor ... may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the [bankruptcy] petition, the trustee may only file, cure, or perform, as the case may be, before the later of—
 

 (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
 

 (2) 60 days after the order for relief.
 

 11 U.S.C. § 108(b).