# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2009

Charles R. Fulbruge III
Clerk

No. 07-30355

In The Matter Of: DENISE VERSOY,

                                        Debtor.

_____

DAVID ADLER,

                                        Appellant,

v.

DONALD PAUL BELL, M.D.; MEDICAL PROTECTIVE COMPANY;
LOUISIANA STATE, by and through The Louisiana Patients' Compensation
Fund,

                                        Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-1403

_____

Before GARZA, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

   David Adler appeals the district court's grant of summary judgment to
Donald Paul Bell, M.D., Medical Protective Company, and the state of Louisiana
(collectively, Bell).  We affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

I

On August 12, 2003, Dr. Bell performed surgery on Denise Versoy to remove a mass on her right kidney. However, instead of removing the mass, Bell removed Versoy's entire kidney and did not perform a biopsy to determine if the mass was malignant. On August 9, 2004, Versoy sent a request for review of her medical malpractice claim to the Louisiana Patients' Compensation Fund (PCF). On August 24, the PCF notified Versoy that within forty-five days she needed to pay a $100 filing fee or obtain a fee waiver. Versoy neither paid the fee nor obtained a waiver.

On September 27, 2004, Versoy filed for Chapter 7 bankruptcy protection. She then wrote the PCF on October 18 to request dismissal of her proceeding with prejudice. The PCF notified Versoy on November 4, 2004, that because she failed to pay the filing fee, her claim was no longer under consideration.

On February 17, 2005, Adler—the bankruptcy trustee—brought this action and paid the filing fee on Versoy's behalf. The district court granted Bell's motion to dismiss, holding that the one-year period applicable to Versoy's claim prescribed before Versoy filed for bankruptcy protection. Adler timely appealed.

Because the district court relied upon discovery, its order must be construed as a grant of summary judgment.[1] We review a grant or denial of summary judgment de novo, applying the same standard as the district court.[2] Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

---

[1] See In re Dengel, 340 F.3d 300, 312 (5th Cir. 2003) ("[T]he district court's order must be construed as a grant of summary judgment because the district court did not exclude Dengel's affidavit which was outside of the submitted pleadings.").

[2] Robinson v. Orient Marine Co., 505 F.3d 364, 365 (5th Cir. 2007) (citing Gowesky v. Singing River Hosp. Sys., 321 F.3d 503, 507 (5th Cir. 2003)).

law."[3] "Any reasonable inferences are to be drawn in favor of the non-moving party."[4]

## II

## A

Adler claims the district court erred in concluding that Versoy's claim against Bell prescribed before Versoy filed for Chapter 7 bankruptcy. Under Louisiana law, a medical malpractice action prescribes one year from the date the negligence occurred or one year from the date the plaintiff learned of the negligence.[5] As a prerequisite to filing a medical malpractice claim in court, Louisiana law requires a prospective plaintiff to file an administrative request for review with the PCF.[6] Such a request, if properly filed, tolls the one-year statute of limitations.[7] For a request to be properly filed, the plaintiff must either pay a $100 filing fee or obtain a fee waiver, by providing a physician's affidavit that states that the claim has merit or obtaining an in forma pauperis ruling.[8]

The district court found that Versoy learned of her claim no later than August 28, 2003; thus, her prescriptive period expired on August 28, 2004, unless the period was tolled. Versoy requested a medical review panel on August 9, 2004. The PCF mailed its confirmation on August 24, 2004, giving Versoy an additional forty-five days—that is, until October 8, 2004—to pay the

---

[3] FED. R. CIV. P. 56(c).

[4] Robinson, 505 F.3d at 366 (citing Gowesky, 321 F.3d at 507).

[5] LA. REV. STAT. ANN. § 9:5628.

[6] Id. § 40:1299.47(A)(1)(a).

[7] Id. § 40:1299.47(A)(2)(a).

[8] Id. § 40:1299.47(A)(1)(c)-(d).

filing fee.[9] She did not, however, pay her filing fee or submit a physician's affidavit or in forma pauperis ruling. Thus, the prescriptive period was never tolled.[10] Because the claim prescribed, the district court properly dismissed it against all parties.

### B

Adler also claims that 11 U.S.C. § 108(a) extends the prescriptive period by more than two years and thereby enables him to pay the fee after the payment period otherwise would have elapsed.[11] However, § 108(a) only applies if the prescriptive period "has not expired before the date of the filing of the petition."[12] Because Versoy never paid her fee or complied with an exception, the one-year prescriptive period was never tolled. Versoy's prescriptive period had expired on August 28, 2004, prior to Versoy filing her bankruptcy petition on September 27, 2004; thus, § 108(a) does not apply.

To the extent that Adler claims § 108(a) tolls the forty-five-day filing period, this claim also fails. Section 108(a) only extends the time to commence an "action." In Ramming v. United States, we held that "the filing of an administrative claim does not constitute the commencement of an 'action' under § 108(a)" because the "term 'commencement of an action' in § 108(a) applies only

---

[9] See id. § 40:1299.47(A)(1)(c) ("A claimant shall have forty-five days from the mailing date of the confirmation of receipt of the request for review . . . to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.").

[10] See id. § 40:1299.47(A)(1)(e) ("Failure to [pay the filing fee] . . . within the specified forty-five day time frame . . . shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted . . . .").

[11] See 11 U.S.C. § 108(a) ("If applicable nonbankruptcy law . . . fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before . . . two years after the order for relief.").

[12] Id.

to 'the bringing of suit in court' and not to administrative proceedings that may precede such a suit."[13]   The forty-five-day filing period only applies to the administrative request, and therefore § 108(a) cannot suspend it.

### III

Adler further contends that the district court erred in failing to conclude that the PCF's November 4, 2004 notice explaining that it was no longer considering Versoy's claim violated the automatic stay.  He contends that when Versoy filed for bankruptcy, her interest in the claim against Bell became property of the bankruptcy estate under 11 U.S.C. § 541.

By the terms of 11 U.S.C. § 362(a), the automatic stay only applies to proceedings "against the debtor."  This court determines whether a proceeding is "against the debtor" by "examin[ing] the posture of the case at the initial proceeding."[14]   If the debtor brings the initial claim, § 362 has no effect.[15] Because Versoy filed the request for review, the proceeding is not "against the debtor," and the stay does not prevent dismissal.

Moreover, the challenged notice has no legal effect.  Louisiana law provides that "[f]ailure to comply with the [filing] provisions . . . shall render the request for review of a malpractice claim invalid and without effect."[16]  The claim is invalid as a matter of law, regardless of whether the PCF sent notification of that fact.  Therefore, the district court did not err in failing to find that the PCF's letter violated the automatic stay.

---

[13] 281 F.3d 158, 164 (5th Cir. 2001) (citing TLI, Inc. v. United States, 100 F.3d 424, 427 (5th Cir. 1996)).

[14] McMillan v. MBank Fort Worth, N.A., 4 F.3d 362, 366 (5th Cir. 1993) (citing Freeman v. Comm'r of Internal Revenue, 799 F.2d 1091, 1092-93 (5th Cir. 1986) (per curiam)).

[15] Freeman, 799 F.2d at 1093.

[16] LA. REV. STAT. § 40:1299.47(e) (emphasis added).

IV

Adler further argues that the district court erred in granting summary judgment because a fact issue exists as to whether Versoy dismissed her claims against Bell during the forty-five-day filing period. According to Adler, such an "assignment" would be an avoidable preferential transfer under 11 U.S.C. § 547.

The district court did not err. Versoy's claim prescribed before Versoy sent the notice purporting to dismiss Bell. Because the claims no longer existed, the letter could not assign or transfer any interest to Bell.

V

Finally, Adler contends that the district court erroneously relied upon Louisiana Revised Statutes § 40:1299.39.1, which applies only to medical malpractice claims against the state, rather than Louisiana Revised Statutes § 40:1299.47, which applies to claims against private health care providers. According to Adler, § 40:1299.47 allows an applicant to obtain a fee waiver by filing an in forma pauperis ruling, while § 40:1299.39.1 does not. However, both statutes contain identical provisions waiving the filing requirement for claimants who obtain an in forma pauperis ruling.

The district court explicitly considered this provision in its opinion, stating that Versoy "was required to pay a $100.00 filing fee within 45 days, or provide a physician's affidavit or in forma pauperis ruling to obtain a waiver of the fee." Versoy did not comply with the requirements of these identical provisions. Thus, the district court's citation to § 40:1299.39.1 is harmless error.

\* \* \*

AFFIRMED.